No. 36,697

W. P. ATHERTON, doing business as FOSE GRAIN COMPANY, *Appellee*, v. J. A. GOODWIN and RENO CREAMERY COMPANY, *Appellants*.

(180 P. 2d 296)

C. A. SPENCER, judge. Opinion filed May 3, 1947.

*J. Richards Hunter,* of Hutchinson, argued the cause, and *Walter F. Jones, R. Y. Jones, Jr., Harry H. Dunn,* all of Hutchinson, and *Jerry E. Driscoll,* of Russell, were with him on the briefs for the appellants.

*Clifford R. Holland,* of Russell, argued the cause, and *Herbert N. Holland,* of Russell, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for damages. Defendants' motions to strike certain paragraphs of plaintiff's petition were denied, and they appeal. It may here be noted that the parties and the trial court considered the motions to strike in the nature of demurrers, and we shall so consider them. (*Starks Food Markets, Inc., v. El Dorado Refining Co.,* 156 Kan. 577, 134 P. 2d 1102; 41 Am. Jur. 529.)

The portions of the petition necessary to notice contained the following allegations: Plaintiff operated a grain elevator and warehouse in Russell and was required to and kept accurate scales used for the purpose of weighing grain delivered to him for purchase or storage, and in order to correctly drive upon the scales or scale platform it was necessary for the driver of any vehicle to drive either straight west from the east or straight east from the west, and up to July 2, 1944, at 11:00 p. m. the scales were properly adjusted within a stated tolerance. Defendant company is a corporation engaged in manufacture, purchase and distribution of dairy products, and defendant Goodwin was an employed agent and truck driver of the company. In paragraph six it is alleged that on July 2, 1944, about 11:00 o'clock p. m., Goodwin, in the course of his employment and while driving the company's truck to which was attached a semi-trailer capable of carrying a capacity of ten tons and loaded approximately to capacity, negligently and without permission and consent of plaintiff, backed the truck and semitrailer in a southwesterly direction and then in a northwesterly direction and did travel across the scales platform and particularly over the north line thereof and while so doing Goodwin negligently and without observing the direction he was traveling, struck and collided with a cement platform situated immediately south of the scales platform and caused a part of the cement platform weighing approximately two hundred pounds to be torn loose and fall on the scales platform, and that immediately after the cement block had fallen across the scales platform Goodwin, while proceeding in a north or northwesterly direction, violently applied the brakes on his truck, which was loaded to capacity and the truck came to a sudden stop, causing the weighing platform and scales to be violently shaken and vibrated, and

immediately thereafter Goodwin again started his truck and backed off in a northerly direction, causing the front wheels of the truck to pass over the north line or side of the scales platform, and as a result the scales which had been previously correctly in balance were thrown off balance and were misaligned, misadjusted and unbalanced and caused to weigh incorrectly and overweigh all loads which might be weighed on the basis of 200 pounds to every 8,400 pounds. The seventh paragraph of the petition reads as follows:

"The plaintiff further avers that the said J. A. Goodwin or said defendant corporation, knowing that the said J. A. Goodwin had willfully, wrongfully backed over and across said scales platform at an angle instead of driving straight over and across said scales platform and further knowing while traveling over said scales platform or said platform, that said truck had struck and hit said cement block or step, and that a part thereof had violently fallen on said platform and further knowing that, said J. A. Goodwin, while said J. A. Goodwin had backed said truck over and across said platform at an angle, loaded as aforesaid, the said J. A. Goodwin had applied his brakes to said truck immediately after said collision, thereby stopping said truck on said scales platform causing the said scales platform and scales to be violently shaken and vibrated and further knowing that said J. A. Goodwin, after stopping said truck, did thereafter continue to drive over and across the north line of said scales platform and being an improper method of driving over said scales and knowing that from either or all of said acts could and would cause said scales to become unbalanced, misaligned and misadjusted, did knowingly and negligently fail to inform or notify the plaintiff of said facts and concealed the same from this plaintiff and that by reason of said failure to notify this plaintiff, on the part of the said defendant, J. A Goodwin or the said defendant corporation, the plaintiff did without notice or knowledge, on his part, as to the facts hereinbefore related and without notice or knowledge on his part that said scales had become unbalanced, misaligned and misadjusted, did during the period of time from July 3, 1944, to July 10, 1944, buy and purchase wheat which was sold and delivered to him by numerous farmers and landlords and by reason thereof, this plaintiff was required and compelled to pay and did pay for 3,011 bushels of wheat at the average price of $1.35 per bushel in excess of the wheat which was actually delivered to him and which was caused by the reason that said scales over-weighed on the basis of 200 pounds for every 8,400 pounds which was weighed over said scales platform and said scales and that by reason thereof, this plaintiff was damaged in the sum of $4,064.85."

The eighth paragraph alleges that an exhibit is attached showing the names of persons from whom grain was purchased and the amount thereof from July 3, 1944, to July 10, 1944. One other paragraph and the prayer of the petition need not be noticed.

For present purposes it may be said that the company and Goodwin filed separate but identical motions to strike from the petition

the allegation in paragraph six that the scales were caused to weigh incorrectly on the basis alleged, and all of paragraphs seven and eight. The trial court denied these motions and the defendants appealed.

In their brief appellants state that the appellee has attempted to state two distinct elements of damage, one for injuries sustained to the cement dock or platform, which, if proved, would warrant a judgment, and the other for overpayments made by appellee for wheat purchased which was overweighed on appellee's scales, and that the motions to strike were filed to eliminate from the petition all allegations having to do with this second element. As to this second element, two principal contentions are made. It is not contended that the petition does not allege negligence but that the negligence pleaded is too remote to be actionable, or if actionable, the negligence of the appellee in not observing conditions pleaded and determining accuracy of his scales was an effective intervening proximate cause of his alleged damage, or, stated another way, the negligence of appellee precludes his recovery from appellants.

The first question for discussion is whether the negligence of appellants is too remote to be actionable. In support of their contentions that it was too remote appellants direct our attention to the following decisions of this court: *Cleghorn v. Thompson,* 62 Kan. 727, 64 Pac. 605, 54 L. R. A. 402; *Light Co. v. Koepp,* 64 Kan. 735, 68 Pac. 608; *Simon v. Telephone Co.,* 97 Kan. 42, 154 Pac. 242; *Belden v. Hooper,* 115 Kan. 678, 224 Pac. 34; *Davies v. Shawver,* 134 Kan. 772, 8 P. 2d 953; *Greiving v. LaPlante,* 156 Kan. 196, 131 P. 2d 898; *Jones v. Kansas Public Service Co.,* 158 Kan. 367, 147 P. 2d 723. Without analyzing each of these decisions, it may be said of each that upon the facts disclosed, it was held that the damages sought could not have been foreseen and would not have been anticipated by the exercise of ordinary prudence and foresight. Each of the above cases recognizes the converse of the above that the negligence is actionable if the damage might have been foreseen by a man of ordinary intelligence and be a probable result of the initial act. In *Jones v. Kansas Public Service Co.,* supra, it was said:

"Each case must be decided largely upon the special facts attending it and no magic formula has been devised for marking the line between proximate and remote consequences. (38 Am. Jur. 700, 701.)" (p. 370.)

At an earlier place in the same opinion it was said:

"Ordinarily, questions of negligence, including proximate cause, are for the jury. But where the facts are undisputed it is the province of the court to say, as a matter of law, whether upon the facts viewed most favorably to the plaintiff, actionable negligence can be inferred." (Citing cases.) (p. 369.)

In *Rowell v. City of Wichita*, 162 Kan. 294, 176 P. 2d 590, this court considered the question of proximate cause, in its various phases, directing attention to many of our decisions. That review will not be repeated here, reference being made to the opinion. We held:

"It is not a necessary element of negligence that one charged with it should have been able to anticipate the precise injury sustained.

"The negligence charged must have been the proximate or legal cause of the injury, and what is the proximate cause is ordinarily a question for the jury.

"The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act.

"Natural and probable consequences are those which human foresight can anticipate because they happen so frequently they may be expected to recur." (Syl. ¶¶ 5, 6, 7, 8.)

In the last cited case attention was directed to *Crow v. Colson*, 123 Kan. 702, 256 Pac. 971, 53 A. L. R. 457, where this court said:

"Where defendant knows or has reasonable means of knowing that consequences not usually resulting from the act are likely to intervene so as to occasion damage, he is liable although it be not an ordinary and natural consequence of the negligence. (Citing cases.) Where an act is negligent it is not necessary to render it the proximate cause that the person committing it could or might have foreseen the particular consequence or precise form of the injury or the particular manner in which it occurred, if by the exercise of reasonable care it might have been foreseen or anticipated that some injury might result." (p. 704.)

It is not necessary that we repeat the allegations as to the manner in which appellants damaged the scales. Under the decisions noted above and under decisions referred to in those noted, it was not a necessary element of negligence that appellants should have been able to anticipate any precise injury which the appellee might sustain by reason of the damage to the scales.

The question of the effect of the damage to the cement platform will be considered later, but had that particular damage not occurred, and had the only negligence consisted of so driving across

the scale platform that the scales were thrown out of adjustment and caused to weigh incorrectly, could it be said as a matter of law the only damages recoverable would be the cost of repairing the scales? We think not. In causing the injury, the driver very likely did not intend to cause the scales to weigh incorrectly, but if that result occurred we are of opinion that he should have anticipated that they might be used with a detrimental result to the owner. We are likewise of the opinion that it may not be said as a matter of law that the fact the scales were used later, which use appellants contend was negligence on the part of appellee, a question hereafter treated, was an efficient intervening cause relieving the appellants. Neither may it be said as a matter of law that the scales having been thrown out of adjustment it was not a natural and probable consequence that the owner, unaware of the damage to the scales, would not use them in the conduct of his business. We are not presently concerned with the question as to how long appellee might use the scales without discovering they were out of order, but that they were used the next day and for some days following is alleged in the petition and for present purposes that fact is admitted. We are of the opinion that the question of proximate cause and the extent of appellee's damage is a question for the jury or other trier of the fact.

We now take up appellants' contention that the petition discloses negligence of the appellee which was an intervening proximate cause of his damage, with the effect that appellants are not liable for their negligence.

The general rule is that the burden is on the defendant to plead and prove contributory negligence, but it has been frequently held that if plaintiff's own evidence—here his allegations—shows him guilty of such negligence as precludes a recovery, the defendant may take advantage by demurring. (See, *e. g., Houdashelt v. State Highway Comm.,* 137 Kan. 485, 21 P. 2d 343; *Cruse v. Dole,* 155 Kan. 292, 124 P. 2d 470; *Slaton v. Union Electric Ry. Co.,* 158 Kan. 132, 145 P. 2d 456; *Moler v. Cox,* 158 Kan. 589, 149 P. 2d 611, and cases cited. And the rule has been specifically applied to pleadings. See *Horton v. Atchison T. & S. F. Rly. Co.,* 161 Kan. 403, 416, 168 P. 2d 928, where it was said:

"The majority of this court is not unmindful of the fact that contributory negligence is an affirmative defense and that the burden of proving it ordinarily rests upon the defendant. It is, however, equally well established that where a petition is so framed as to disclose contributory negligence on its face it is

demurrable. (41 Am. Jur. Pleading, § 212; 38 Am. Jur., Negligence, § 270. p. 960; and *Frazier v. Cities Service Oil Co.,* 159 Kan. 655, 157 P. 2d 822, citing numerous cases.)"

In *Cruse v. Dole,* supra, it was stated:

"It has been repeatedly held that when the facts relating to contributory negligence are such that men of reasonable minds might reach different conclusions, the question is for the trier of the fact, otherwise it is one of law." (Citing cases.) (p. 295.)

Likewise it has been held repeatedly that a petition attacked by demurrer is to be liberally construed in favor of the pleader, and, under the circumstances of this case, the rule is to be applied to the allegations sought to be stricken out. (See West's Kansas Digest, Pleading, Key No. 34; Hatcher's Kansas Digest, Pleading, §§ 31, 35.)

We examine appellants' contentions in the light of the above rules. Appellants' argument under the head now discussed contains some reference to the question of intervening cause, which we have previously discussed, but the gist of their argument that appellee's own allegations convict him of contributory negligence, is that appellee knew on the morning following appellants' driving over his scales and breaking a large piece of cement from the platform that some mishap had occurred; that he was therefore under a duty to know what had occurred, or to have discovered it by the exercise of due care, and the condition having existed for a sufficient time to have enabled him to discover it, actual knowledge is imputed to him. Appellants state that they have been unable to find any Kansas case very closely analogous to the instant case from a factual standpoint, but they direct our attention to a line of railway cases dealing with liability of a common carrier for defective cars, "beginning with *Railway Company v. Merrill,* 65 Kan. 436, 70 Pac. 358, and running up through *Ruiz v. Midland Valley Rld. Co.,* 158 Kan. 521, 148 P. 2d 514." These cases have been examined, but the analogy to the instant case is not close and they will not be reviewed here.

To uphold appellants' contention that the mere fact a portion of the cement block had fallen down, placed a burden on the appellee to make an examination of his scales to learn whether something had happened to them, we would have to consider the allegations strictly against the appellee and liberally in favor of the appellants. We do not know from the allegations of the petition

what portion of the cement platform was dislodged, nor do we know where it struck on the scales—in fact it is not alleged it struck anything but the scales platform. Nor are we warranted in drawing any conclusions as to the shape of the block of cement or that it was so large that the fact it had fallen from the platform was such that a person of ordinary prudence would have examined all nearby equipment to see whether it had been struck or injured. If we took any notice of size of a two-hundred-pound piece of cement we would say it contained about one and one-half cubic feet of content, and in a comparative way was not so very large. But we are not warranted in isolating the various acts of negligence charged. The act of appellants in driving the truck into the cement platform and causing a piece of cement to be dislodged was only a part of the negligence charged. It is quite apparent that so far as allegations are concerned, the damage to the scales was caused by driving a heavy truck across the scales in a negligent and improper manner, in making a sudden stop while the truck was improperly on the scales, and then backing it over the scales. Without further reviewing the allegations, we think it may not be said as a matter of law that the act of the appellee in using his scales on the third day of July, or at any particular day thereafter, convicted him of negligence that contributed to his damage.

In what has been said we have not been unmindful of one phase implicit in appellants' argument that appellee could not go on indefinitely using his scales and hold appellants for all damages he might suffer over the whole period. The question of what a prudent person would do to determine that his scales were not out of adjustment must depend on more facts than appear from the allegations. Certainly as to the first load weighed on July 3d we cannot say appellee should have known the scales had been damaged and were out of adjustment, nor from anything alleged can we say that about the last load weighed on July 10th. But even if we could say so as to weighings after some particular weighing subsequent to the first, it would not make the petition demurrable. As was stated in *Updegraff v. Lucas*, 76 Kan. 456, 93 Pac. 630:

"A petition which otherwise states a cause of action is not subject to a demurrer for the reason that it seeks to recover more or different relief than that to which plaintiff is entitled." (Syl. ¶ 1.)

We are of opinion the appellants' contentions cannot be sus-

tained and that the trial court did not err in ruling on their motions to strike, and therefore its ruling is affirmed.

HOCH, J., not participating.