No. 39,580

W. L. NOLAN, *Appellant*, v. ALBIA LEE HEBREW, *Appellee*.

(278 P. 2d 1011)

Opinion filed January 22, 1955.

*Bert J. Vance*, of Garden City, argued the cause, and *C. E. Vance*, and *A. M. Fleming*, both of Garden City, and *Charles H. Fleming*, of Scott City, were with him on the brief for the appellant.

*Ray H. Calihan, Jr.*, of Garden City, argued the cause, and *Ray H. Calihan, Logan N. Green*, and *Daniel R. Hopkins*, all of Garden City, were with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action in which the plaintiff sought to recover damages for injuries to person and property resulting from the defendant's negligence in the operation of a motor vehicle. The trial court sustained the defendant's demurrer to the plaintiff's evidence for the sole reason that the evidence disclosed plaintiff was guilty of contributory negligence which barred him from recovery. Plaintiff appeals from that ruling. We shall refer to the parties as plaintiff and defendant.

In view of the question presented by the appeal it is not necessary to review the pleadings at length.

The gist of the petition was that as plaintiff's truck was about to pass the defendant's truck, defendant, without giving any signal of his intention to do so, made an abrupt left turn in front of plaintiff's truck, and that the plaintiff, in attempting to avoid a collision with defendant, lost control of his truck, which left the highway, resulting in personal injuries to the plaintiff and damages to his truck. Specifications of alleged negligence of the defendant need not be set forth.

So far as need be noticed the gist of the answer was that plaintiff was guilty of acts which were the proximate cause of his injuries in that he drove at an excessive rate of speed, failed to give a signal of his intention to pass defendant, failed to keep his truck under control, drove on the wrong side of the roadway in violation of the statutes, and failed to keep a proper lookout for his own safety.

Any review that need be made of the evidence must be made in the light of the oft repeated rule that in testing the sufficiency of evidence as against a demurrer the court will consider the attacked evidence as true, disregard that which is unfavorable to the party adducing it, will not weigh any part that is contradictory nor any differences between the direct and cross examination, and if so considered, there is any evidence which sustains the cause of action, or in a proper case the defense, the demurrer should be overruled. See West's Kan. Dig., Trial, § 156 (2) (3); Hatcher's Kan. Dig., Trial, § 151. Of course, if the plaintiff's own evidence shows him guilty of negligence which precludes his recovery, the defendant may take advantage by demurrer. See *Atherton v. Goodwin*, 163 Kan. 22, 27, 180 P. 2d 296; *Henderson v. National Mutual Cas. Co.*, 164 Kan. 109, 111, 187 P. 2d 508, and cases cited.

In view of the reason assigned by the trial court for its ruling, and that it did not find the evidence failed to prove defendant's negligence, such references as are later made thereto are only for the purpose of assisting in determining whether the evidence disclosed plaintiff was guilty of negligence.

Plaintiff's evidence disclosed that on July 28, 1953, at about 7 o'clock P. M. he was riding south on a highway 23 feet wide in a pickup truck driven by his employee Winter. Winter testified that he was driving 55 to 60 miles per hour and as they came over

Brookover Hill he noticed a vehicle on the extreme right portion of the highway going in the same direction he was driving and going about 15 or 20 miles per hour; that when he was completely clear, both front and rear, he entered the left lane or eastern portion of the highway to pass; that he did not sound his horn before he started into the left lane because defendant was over on the extreme right hand side and there was no reason to use the horn; that when he was within 125 feet of defendant's truck defendant, without giving any hand or mechanical signal, started making a big wide turn to the left; that witness applied his brakes and honked his horn; that defendant's truck came on and blocked the left or east lane and to avoid hitting that truck the witness cut to his right, his truck became out of control, he turned again to the left or east, ran into a ditch, across it and struck some trees. Plaintiff testified that his truck was about 135 feet to the rear of defendant's truck when he observed defendant start to turn to his left; that his truck was going about 55 to 60 miles per hour, and Winter intended to pass defendant's truck; that he was in a position to see; that his truck was in the left or east lane before defendant started to turn; that defendant gave no signal of his intention to turn; that there was no vehicle coming from the south, nor any vehicle closely behind them; that when defendant started to turn, Winter applied his brakes and honked his horn. Schmedemann, a highway patrolman, testified that he measured skidmarks on the highway and that the northernmost mark was 146 feet north of the center of a driveway into defendant's farm. Other details of his testimony as to marks need not be set forth, further than to note that on cross examination he stated that the reaction time for putting on brakes when traveling at sixty miles per hour was sixty-six feet. In view of the rule above mentioned, we do not detail any variances there may have been between direct and cross examination.

We find it unnecessary to take up and discuss separately each of the numerous decisions to which appellant and appellee direct attention. In *Siegrist v. Wheeler*, 175 Kan. 11, 259 P. 2d 223, a ruling on a demurrer to evidence in an action similar in kind to this was considered and it was said: ". . . it must be remembered that every negligence action depends upon the factual situation disclosed by the record on which it is decided, and that other decisions are of little value as legal precedents unless, as rarely occurs, the governing facts and circumstances are similar." (l. c. 16)

In a preliminary way, we note G. S. 1953 Supp., 8-532 provides, in part, that no person shall drive a vehicle on a highway at a greater speed than is reasonable and prudent under the conditions then existing and in every event speed shall be so controlled as may be necessary to avoid colliding with any vehicle on the highway, and that it is unlawful to drive a truck with a gross weight of less than 5,000 pounds over sixty miles per hour. As applied here there was no violation of the latter and whether the speed was otherwise reasonable and proper would ordinarily be a question of fact and not of law. As applicable here, G. S. 1949, 8-538 and 8-540 provide rules for overtaking and passing a vehicle on the left and that the driver of a vehicle overtaking another while proceeding in the same direction shall pass to the left at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle; that the driver of the overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal, and no vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. There was no evidence the above statute was violated in any manner by the plaintiff.

In what particular was plaintiff guilty of negligence that contributed to his injuries? The defendant argues here as he says he did in the trial court that the plaintiff was for the following reasons: Defendant recognizes, as he must, that under G. S. 1949, 8-547, no person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and only then after giving an appropriate signal and that a signal to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning. He directs attention to *Radziemenski, Appel., v. Balto. & Ohio R. R. Co.*, 283 Pa. 182, 128 Atl. 735, where it was said the court was not ". . . . required to believe what physical facts demonstrate to be untrue, and when an infallible mathematical test is applied to the testimony of a witness and he is found to be mistaken in a material matter, it would be a travesty on justice to allow the jury

to believe such testimony and permit them to render a verdict based thereon:   . . ." He then directs attention to the testimony of Schmedemann that the skidmark farthest north was about 156 feet north of the center of defendant's drive, he adds to that figure the reaction period distance of 66 feet and argues that plaintiff had 212 feet in which to see that defendant was turning to the left, that defendant's failure to give notice was of no consequence as plaintiff saw and knew all that a signal would disclose and that plaintiff had ample time to avoid what happened and was guilty of negligence contributing to his injuries in not doing so.  His entire argument is premised on the 212 foot distance which he assumes the evidence showed.  In support he relies principally upon *Curtiss v. Fahle,* 157 Kan. 226, 139 P. 2d 827, and directs our attention to other cases lesser in point.  As we view the matter the premise for the defendant's argument is not sound.  It is to be remembered that plaintiff's truck was traveling about three times as fast as that of the defendant.  Both trucks were going in the same direction and defendant's truck had not reached his driveway when the left hand turn was commenced.  Neither was the left hand turn at right angles nor is there any evidence it was made to the south of the driveway the center line of which was 212 feet south of the northernmost skidmark; it was a wide turn and both trucks were some distance north of defendant's driveway when it was commenced. It may not be said that plaintiff's evidence disclosed he was 212 feet away from defendant when he discovered the turn was being made.  According to plaintiff and his driver the trucks were only about 125 to 135 feet apart when defendant turned to the left and under the facts disclosed those distances can be reconciled with the skidmarks.  If the defendant had given plaintiff the statutory notice of 100 feet continuously before turning to the left, plaintiff and his driver would have had time and opportunity to protect themselves by slowing up their truck.  It may not be said as a matter of law that plaintiff saw defendant in the act of turning his truck to the left at such a distance he had notice of the turn and an opportunity to slow or stop his truck to avoid what occurred.

In our judgment our opinion in *Curtiss v. Fahle,* supra, is not controlling here.  It is not necessary that we review that lengthy opinion which dealt with the negligence of a driver who in the nighttime drove so close to a truck ahead of him on the highway that, although he saw the truck stop suddenly, he was not able to

avoid striking the truck. In that case this court pointed out that the plaintiff was not attempting to pass the truck ahead of him. The holding of that case that one who has actual notice of decrease in speed has the same notice that a signal would have given him, is not applicable to the facts of the case before us as disclosed by the evidence now under consideration.

This seems to us to be a typical case wherein, in view of all the evidence, a jury should say whether plaintiff was guilty of negligence which contributed to his injuries and damages. We are satisfied the trial court's ruling on the defendant's demurrer to the plaintiff's evidence was erroneous and should be reversed. The cause is remanded to the trial court with instructions to overrule the demurrer.

ROBB, J., not participating.