No. 41,965

EDITH KRENTZ and KILLIAN KRENTZ, *Appellants,* v. WAYNE HANEY and MARGARET J. HANEY, *Appellees.*

(357 P. 2d 793)

Opinion filed December 10, 1960.

*Vincent L. Bogart,* of Wichita, argued the cause, and *J. Wirth Sargent, Emmett A. Blaes, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James W. Sargent, Stanley E. Wisdom, Cecil E. Merkel, John W. Brimer* and *Harry L. Hobson,* all of Wichita, were with him on the briefs for the appellants.

*Gerald Sawatzky,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Donald L. Cordes* and *Robert L. Howard,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action by the parents of a minor pedestrian, plaintiffs (appellants), against the operator and the owner of an automobile, defendants (appellees), to recover for the loss of services and for medical expenses due to the alleged negligent injury of their fifteen-year-old daughter. The court sustained the demurrers to plaintiffs' evidence on the ground that the minor was guilty of contributory negligence as a matter of law barring plaintiffs' recovery. From this ruling plaintiffs appeal.

Defendants concede that the real issue before this court is whether, upon plaintiffs' evidence, reasonable minds would agree that plaintiffs' daughter was guilty of contributory negligence. If,

upon an impartial view of plaintiffs' facts, the daughter's conduct fell short of that which the law requires of a reasonably prudent person of her age in protecting herself from injury, the demurrers were rightfully sustained. However, defendants further agree that to sustain a demurrer to the evidence the contributory negligence must clearly appear from the evidence introduced. Moreover, in testing the sufficiency of the evidence as against a demurrer, the inferences that may be properly and reasonably drawn therefrom must be considered in the light most favorable to the party against whom the demurrer is directed, and if the evidence and the inferences viewed in that manner are of such character that reasonable minds, in the exercise of fair and impartial judgment, would reach different conclusions thereon, the demurrer should be overruled and the issue submitted to the jury. (*Reda v. Lowe*, 185 Kan. 306, 311, 342 P. 2d 172; *Haga v. Moss, Administrator*, 181 Kan. 171, 311 P. 2d 281, and cases therein cited.) Defendants state that the question of defendant Margaret Haney's negligence under plaintiffs' evidence would be one for the jury were it not for the contributory negligence of plaintiffs' daughter, which fell below that required by the law, precluding plaintiffs' recovery as a matter of law.

The sole question for our determination, therefore, is whether plaintiffs' evidence discloses that their minor child's conduct fell short of that which the law requires of a reasonably prudent person of her age. This requires a brief review of plaintiffs' evidence.

McCormick avenue in Wichita is a public, paved, four-lane, west-east street, forty-four feet in width, with two lanes each for westbound and eastbound traffic. The Sacred Heart Academy is in the 3100 block. The school buildings are located on both the north and the south side of the street in this block. Sidewalks lead from the buildings on the south side of McCormick avenue to the street and continue north from the street to another school building. However, there is no marked crosswalk in the street itself. Students at the academy, in attending classes in the separate buildings, were required to cross McCormick avenue.

At 8:10 on the morning of September 5, a clear, sunny day and the first day of the school year, Caroyn Krentz, a student at the academy and the fifteen-year-old daughter of plaintiffs, left the Administration Building, facing north on McCormick avenue, to attend a class at DeMattias Hall across the street Caroyn and some of her classmates, several of whom testified at the trial,

stopped at the curb and looked up and down the street. They saw a group of girls crossing the street ahead of them and also a car, being driven by defendant Margaret Haney, about four car-lengths (about sixty-eight feet) west of them, but it was moving so slowly they thought it was going to stop. Caroyn and her classmates stepped into the unmarked crosswalk—a prolongation of the sidewalk—and started across the street at a normal pace. There were six or seven girls in Caroyn's group, a group of girls in front of them and another group of girls behind them. All three groups were in the act of crossing the street to attend classes. As Caroyn and her group got halfway across the street, the girl on Caroyn's left "heard the motor of the car start," "yelled at Caroyn" and "jumped back." Defendant Margaret's car struck Caroyn with "a thump," throwing her high into the air. As Caroyn lay in the center of the crosswalk, she felt nothing at all for a while and later realized she could not move her legs.

Defendant Margaret's car had narrowly missed hitting one of the other girls as well. She had given no warning of any kind of her intention not to stop her car either by way of sounding a horn or otherwise. In fact, the only skid-marks made by defendant's car *did not begin* until at least six feet after the front of the car had gone through the crosswalk area. The testimony disclosed that defendant Margaret said she had been watching the school children on the school grounds and had looked up in time to see Caroyn in front of her but was unable to stop before hitting her.

It is not necessary to detail the evidence of the many witnesses who testified to the facts. Suffice it to say, the foregoing is a general brief résumé sufficient to determine the question involved.

It is a well-established rule in this state that in determining whether a plaintiff is guilty of contributory negligence when tested by a demurrer, the question must be submitted to the jury if the facts of record are such that reasonable minds, in the exercise of fair and impartial judgment, might reach different conclusions thereon. Moreover, the question whether a negligent act is the proximate cause of an injury and whether an ordinarily reasonable and prudent man would have seen that injury might have occurred as the result of a negligent act is also a question for a jury. Mr. Chief Justice Dawson, in speaking for this court in *Harshaw v. Kansas City Public Ser. Co.*, 154 Kan. 481, 485, 119 P. 2d

459, stated, "It is only in clear cases which require no subtleties of reasoning that contributory negligence becomes a matter of law."

The legal question here involved is so well settled in our law that it need not be labored. This was an action at common law in which plaintiffs sought damages alleged to have resulted from defendant Margaret's negligence and defendants had pleaded contributory negligence of plaintiffs' daughter. This is the kind of an action in which each party is entitled to a trial by jury as a matter of right. *Such an action should not be converted into a trial by the court.* Negligence is the lack of due care. The instances are relatively rare when the facts are such that the court should say that as a matter of law the negligence alleged had been established. Before the court should make such a holding the evidence should be so clear that reasonable minds considering it could have but one opinion; namely, that the party was negligent. (*Lawrence v. Kansas Power & Light Co.,* 167 Kan. 45, 49, 204 P. 2d 752.)

Only last month, in the case of *Weber v. Wilson,* 187 Kan. 214, 356 P. 2d 659, we stated that children of tender years are not held to the same strict accountability of an appreciation of danger and of need for care of themselves as persons of full age, but are required to exercise such care as persons of their age, experience, capacity and intelligence are ordinarily expected to exercise under like circumstances. We further stated that while courts cannot say that children between nine and thirteen years of age are incapable of exercising any care and are relieved from the application of the doctrine of contributory negligence merely because of age, it has been held that there is no precise age at which a child may be said as a matter of law to have acquired such knowledge and discretion as to be held accountable for all of his actions to the same extent as one of full age, and the question of capacity of a particular child at a particular time in avoiding a particular danger is one of fact falling within the province of a jury to determine.

In this case we think the contributory negligence of plaintiffs' minor daughter was clearly a question of fact for the jury. More than that, plaintiffs' daughter was not required to anticipate, with her being in the street along with a group of girls and a group of students in front and a group behind, in broad daylight, when defendants' car looked as though it was going to stop, that defendant Margaret, without looking or watching and without sounding any

warning of her intention not to stop, would continue to drive into and against her. Certainly, it was obvious to defendant Margaret that school buildings were on both sides of the street and that students were in attendance and would be crossing the street. Under the evidence, the jury might well have found such acts of defendant Margaret to be the proximate cause of the injury.

The reasoning and the rules in the mentioned cases have been reasserted and cited with approval in our most recent cases. (*Thompson v. Barnette*, 170 Kan. 384, 387, 227 P. 2d 120; *Fry v. Cadle*, 171 Kan. 14, 17, 229 P. 2d 724; *Blankenship v. Fraker*, 173 Kan. 438, 441, 249 P. 2d 683; *Cain v. Steely*, 173 Kan. 866, 873, 252 P. 2d 909; *Siegrist v. Wheeler*, 175 Kan. 11, 15, 259 P. 2d 223; *Roehrman v. D. S. & O. Rural Electric Cooperative Ass'n*, 178 Kan. 52, 60, 283 P. 2d 411.)

In *Mehl v. Carter*, 171 Kan. 597, Syl. ¶ 3, 237 P. 2d 240, we stated: "The question of negligence, including the determination of proximate cause, ordinarily rests in the province of the jury."

Mr. Justice Thiele, in speaking for this court, said in *Rowell v. City of Wichita*, 162 Kan. 294, Syl. ¶ 6, 176 P. 2d 590: "The negligence charged must have been the proximate or legal cause of the injury, and what is the proximate cause is ordinarily a question for the jury."

See also *Emmerich v. Kansas City Public Service Co.*, 177 Kan. 443, 280 P. 2d 615; *Atherton v. Goodwin*, 163 Kan. 22, 180 P. 2d 296.

Many other cases of like effect may be found in 4 Hatcher's Kan. Dig. [Revised Edition], Negligence, §§ 74, 75, and West's Kan. Dig., Negligence, § 136 (9), (25), (26).

The law favors trial by jury and the right should be carefully guarded against infringements. It is a right cherished by all free people. A trial court, in the exercise of its prerogative in determining questions of law only in these kinds of cases, should not usurp the power and function of the jury in weighing evidence and passing upon questions of fact. In the instant case, we are of the opinion that plaintiffs' evidence presented a situation where reasonable minds might differ as to just who was negligent and whose negligence, if any, was the proximate cause of the injury complained of, and hence was clearly a question to be presented to the jury.

Other questions are raised and discussed in the briefs. However, they were not presented or argued to the trial court and it made no ruling thereon. They cannot be raised for the first time on appeal.

The judgment of the trial court is reversed and the case is remanded with instructions to set aside the judgment sustaining the demurrers to plaintiffs' evidence and to grant a new trial.

It is so ordered.