No. 41,966

CAROYN KRENTZ HORNING, *Appellant*, v. WAYNE HANEY and MARGARET J. HANEY, *Appellees*.

(357 P. 2d 797)

Opinion filed December 10, 1960.

*Emmet A. Blaes, Vincent L. Bogart* and *John W. Brimer*, of Wichita, were on the briefs for the appellant.

*George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes,* and *Robert L. Howard,* of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

FATZER, J.: This was an action brought by the plaintiff, Caroyn Krentz Horning, to recover for personal injuries sustained while crossing a street on foot when she was struck and injured by an automobile driven by Margaret J. Haney and owned by defendant Wayne Haney, her husband. The appeal is from an order sustaining the defendants' demurrer to the plaintiff's evidence upon the ground that the plaintiff was guilty of contributory negligence as a matter of law which barred her recovery. No other question is presented.

The instant appeal is almost identical to the case of *Krentz v. Haney,* No. 41,965, 187 Kan. 428, 357 P. 2d 793 this day decided. The only difference between the two is that in *Krentz v. Haney,* supra, the parents of the plaintiff in this action commenced that suit to recover the hospital and medical bills incurred following

Caroyn's injury, and in the instant appeal Caroyn brings suit for personal injuries she sustained. The two actions were consolidated for trial in the district court and almost identical briefs and abstracts have been filed in both cases. The evidence of the plaintiff was the same in both cases and it is unnecessary to here detail that evidence since it is fully summarized in *Krentz v. Haney*, supra.

Based upon what was said and held in that decision, that is, that the evidence of the plaintiff did not show her guilty of contributory negligence as a matter of law barring her recovery, the order and judgment of the district court sustaining the defendants' demurrer to the plaintiff's evidence must be reversed.

It is so ordered.