No. 42,550

GEORGE R. PURVIS, *Appellant,* v. LEO PIERCE BRENNER and DWIGHT RICHMIRE and ORVILLE C. BUDDENHAGEN, d/b/a B & R TIRE SERVICE, a Partnership, *Appellees.*

(369 P. 2d 253)

Opinion filed March 3, 1962.

*Paul Armstrong,* of Columbus, and *H. Gordon Angwin,* of Pittsburg, argued the cause and were on the briefs for the appellant.

*Oren Gray,* of Parsons, argued the cause and was on the briefs for appellee, Leo Pierce Brenner.

*John B. Markham,* of Parsons, argued the cause, and *Elmer W. Columbia* and *Herman W. Smith, Jr.,* both of Parsons, were with him on the briefs for appellees, Dwight Richmire and Orville C. Buddenhagen.

The opinion of the court was delivered by

PARKER, C. J.: This was an action to recover damages for injuries sustained to person and property when an automobile driven by plaintiff, Purvis, and a truck driven by defendant, Brenner, collided on U. S. Highway 160.

The pleadings are not in question and require no detailed reference. Hence, for all purposes here pertinent, it need only be said:

The petition charged that Brenner, while driving his own truck on the highway, in the capacity of an agent and employee of defendants, Richmire and Buddenhagen, partners, doing business as The B & R Tire Service, committed divers acts of negligence (describing them), which were the proximate cause of the collision and the injuries sustained by Purvis.

Brenner's answer contained the usual denials; charged, among other things, that any injuries sustained by Purvis resulted from his own contributory negligence in carelessly driving his automobile on the highway *at an excessive rate of speed under conditions prevailing at the time;* and by way of cross-petition asked for the recovery of damages for injuries sustained by him as a result of acts of negligence (describing them) committed by Purvis, all of which were alleged to have been the direct and proximate cause of the accident.

The separate answer of Richmire and Buddenhagen contained general denials as to liability, a special denial that Brenner was their agent and employee, and then charged that the sole and proximate cause of the collision and any damages sustained by Purvis therein were caused by his own contributing acts of negligence.

The separate replies filed by Purvis denied generally all averments of prior pleadings contradicting allegations set forth in the petition.

With issues joined as indicated the cause was tried by a jury which was instructed in writing, given five special interrogatories, and then directed by the trial court to retire to the jury room for the purpose of considering its general verdict and its answers to the submitted questions.

In due time the jury returned a general verdict in favor of all the defendants together with its answers to the special questions. These questions and answers read:

"Question No. 1. Was the truck or any part thereof driven by the de-

fendant, Leo Pierce Brenner, immediately before or at the time of the collision south of the center of the roadway?

"Answer: Yes.

"Question No. 2. Was the defendant, Leo Pierce Brenner guilty of any act and/or acts of negligence which directly and proximately caused and contributed to his own damage?

"Answer: Yes.

"Question No. 3. Was the plaintiff guilty of any act and/or acts of negligence which directly and proximately caused the collision?

"Answer: Yes.

"Question No. 4. If your answer to Question No. 3 is in the affirmative, then specify the act or acts of such negligence.

"Answer: Excessive speed due to road conditions.

"Question No. 5. State whether or not the proximate cause of the collision was the negligence of both the plaintiff and the defendant, Leo Pierce Brenner.

"Answer: Yes."

Subsequently plaintiff filed a motion for a new trial; a motion to set aside the verdict and the answers to special questions Nos. 3 and 4 and No. 5, so far as applicable to him; and a motion for a new trial on the questions of damages and agency alone. Thereafter the trial court overruled each of the foregoing motions. It then approved the findings of fact and general verdict of the jury and rendered a judgment in accord therewith, wherein it found plaintiff should take nothing against the defendants on plaintiff's petition, that defendant Brenner should have and take nothing against plaintiff on his cross-petition, and that plaintiff should pay the costs of the action. Thereupon plaintiff perfected the instant appeal.

Since, as has been repeatedly pointed out in our decisions (see, e. g., *Nolan v. Hebrew*, 177 Kan. 363, 365, 278 P. 2d 1011; *Siegrist v. Wheeler*, 175 Kan. 11, 16, 259 P. 2d 223; *Sullivan, Administrator v. Davidson*, 183 Kan. 713, 718, 332 P. 2d 507) every negligence action depends upon the factual situation disclosed by the record on which it is decided and other decisions are of little value as legal precedents unless, as rarely occurs, the governing facts and circumstances are similar, we feel a short detailed factual statement is required in order that readers of this opinion may have a proper understanding of the issues here raised and determined. In such statement, and in our subsequent discussion of the issues, reference to the respective parties will be by surnames.

There is no dispute between the parties as to many of the pertinent and material facts of record and those which may be so classified can be summarized as follows:

U. S. Highway 160, hereinafter referred to as the highway, is an improved blacktop highway running east and west on the county lines of Crawford and Cherokee counties, the improved portion thereof being approximately twenty-two feet in width with graveled shoulders. Brenner lived on the south side of the highway some four and three-fourths miles west of Cherokee, with an entrance into his farm·home from such highway. At that point the highway is straight and level and there is nothing to obstruct the view of persons traveling thereon for a considerable distance from either direction.

Without reference to the nature of their business, which can be said to have been legitimate, it may be stated that just prior to 4:30 p. m. on January 20, 1958, Purvis, accompanied by one passenger, was driving his Buick sedan down the highway in an easterly direction at a speed of from sixty to sixty-five miles per hour and that at or about the same time Brenner, also accompanied by one passenger, was driving his Ford truck, which was equipped with a stock rack and loaded with some tires belonging to Richmire and Buddenhagen, on the same highway in a westerly direction, toward his home, at a speed of twenty-five miles per hour. The two motor vehicles proceeded down the highway in the manner indicated until shortly before they reached the east edge of the driveway leading to the Brenner home. Thereafter, and directly in front of the driveway entrance, a collision ensued and both Purvis and Brenner sustained injuries to their persons and property.

Nor are we here concerned with discrepancies in the testimony with respect to Brenner's negligence. Having failed to appeal he is bound by the jury's answers to questions 1 and 2.

Thus we turn to evidence which, although it may be conceded there was some testimony to the contrary, tends to support the jury's answers to questions 3, 4 and 5. After a careful examination of the record, and based upon our version of its import, this evidence, highly summarized, may be stated thus:

Just prior to the collision Purvis, with visibility limited to approximately 500 feet, was driving on the highway at a speed from sixty to sixty-five miles per hour at a time when it was snowing quite heavily, the surface of the highway was covered with two inches of slushy snow, and such highway was in a slick and hazardous condition. Notwithstanding Purvis could or should have seen the Brenner truck approaching from the east for a consider-

able distance, he continued on down the highway, toward Brenner's approaching vehicle, at an undiminished rate of speed until he reached a point about 150 feet west of the east side of the entrance leading into the Brenner home. At that point he observed the approaching truck, which was located on the highway a few feet east of the entranceway, and noted that its driver had opened the door of the truck, leaned out of that vehicle, looked back to the east and at the same time turned across the highway in a southwesterly direction toward the driveway leading into the farmyard. Thereupon Purvis took his foot off the accelerator and "kind of touched his brakes to see what was going to happen." Almost immediately thereafter he slammed on his brakes at which time his automobile started sliding sideways but proceeded onward until the left rear side thereof struck the left front side of the Brenner truck.

In passing it should be noted the record also contains evidence to the effect that at the time of the collision the left front wheel of the truck was only two feet south of the center line of the highway; that such truck was stopped at the time of the collision; and that because of the condition of the highway operators of other motor vehicles, near the scene of the accident at the time of its occurrence, were driving their automobile at rates of speed from twenty to twenty-five miles per hour.

Purvis' principal claims of error, which his counsel frankly concede present the same questions, are to the effect the trial court erred in overruling his motion for a new trial and his motion to set aside the verdict and answers to questions 3 and 4, and 5 so far as applicable to him.

Indeed, when stripped of excess verbiage and sheared of extraneous arguments, the gist of all contentions made by him with respect to such claims of error is that the record discloses no evidence whatsoever to sustain the jury's findings convicting him of negligence which was one of the proximate causes of the involved collision.

It will add nothing to the body of our law and merely burden our reports to here labor the lengthy arguments made by counsel for the parties in connection with what may now be said to be the sole important appellate issue involved in this case. It suffices to say that when all the evidence adduced by the parties is carefully reviewed, including that to which we have heretofore specifically

referred, we have no difficulty whatsoever in concluding such evidence was sufficient to justify the trial court in submitting the questions now under consideration; to warrant the answers made and returned by the jury to such questions; and to require the trial court to approve the jury's answers to such special questions and its general verdict. Moreover, it should be stated, we are convinced the instant appeal discloses this was pre-eminently a fact case where, on the basis of conflicting but nevertheless substantial competent evidence, the jury, as was its province, properly resolved all factual issues joined by the pleadings under special findings and a general verdict which were ultimately approved by the trial court. In such a situation the rule, so well-established as to require no citation of the authorities supporting it, is that the findings of fact and the general verdict of the jury based on conflicting evidence, when approved by the trial court, will not be disturbed on appellate review. (See West's Kansas Digest, Appeal & Error, §§ 1002, 1005; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 495, 496, 499.)

What has been heretofore stated and held precludes recovery in this action and requires an affirmance of the judgment.

It is so ordered.