No. 21,261.

C. W. EASTMAN, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Personal Injuries—Negligence Alleged Not Proven.* The plaintiff alleged that the defendant's roadmaster directed him to board a car which it had negligently left in an unsafe condition. The jury found the negligence to consist of the direction of the roadmaster to board the car. *Held,* that as the negligence charged was not proved the plaintiff cannot recover.

2. SAME—*Proper Special Questions.* It is proper practice to request the jury to find what the defendant's acts of negligence were.

3. SAME. A submitted question is examined and found not to contain any pitfall or trap for the unwary juror.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed February 9, 1918. Reversed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*E. C. Wilcox, Myrtle Youngberg,* both of Anthony, and *H. C. Kirkendall,* of Cherokee, Okla., for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, a section foreman, recovered a judgment for injuries received in boarding a passenger train. The defendant appeals.

The petition alleged that, being where his duties of inspecting the track and superintending the repair thereof required him to be, he was ordered and motioned by the roadmaster,

who was standing on the platform of a coach of one of de-
fendant's trains, to get on the back end of the coach and ride
with him to the depot.   That the defendant had negligently
failed to provide the coach with proper steps, but had per-
mitted them to get old and worn and slanted and covered with
sleet and ice, and in attempting to get on the car he slipped and
fell and was dragged and injured.   The jury found that the
slipping of plaintiff's hands off the handholds caused him to
fall; that the train was moving about a mile an hour when
the roadmaster motioned or told him to get on board, and four
or five miles an hour when the plaintiff received his injury;
that the roadmaster directed him to get on when, to any one
using ordinary prudence, it was obviously of great danger for
plaintiff to make the attempt; that if he had attempted to
board the car where the roadmaster was standing when first
told so to do he would not have gotten on without injury; that
the plaintiff was damaged $1,300, to which he contributed $300
by his own negligence.

"Q. 2. If you find for plaintiff, then state in what respect the de-
fendant was negligent, at the time and place in question.   Ans.   The
defendant company was negligent in that roadmaster Carpenter re-
quested or signalled the plaintiff to board this train."

It will be observed that there was no allegation of negligence
on the part of the roadmaster, and the jury found none re-
garding the condition of the train.   The defendant therefore
invokes the rule that the charged negligence was not found
and hence there can be no recovery.   To this the plaintiff
responds that the found negligence is restricted to the im-
mediate time and place of the injury and should be construed
together with the general verdict, the finding meaning that
the roadmaster was negligent in directing the plaintiff to
board the train, and the general verdict meaning that the com-
pany was negligent in respect to the condition of the car.   The
trouble with this argument is that the jury had a chance and
were specially requested to advise the parties what the de-
fendant's negligence consisted of, and left out everything but
the direction to get on board, something which the plaintiff
had not in his petition denounced or even denominated as
negligence.   (McBeth v. Railway Co., 95 Kan. 364, 148 Pac.
621; Spinden v. Railway Co., 95 Kan. 474, 480, 148 Pac. 747;

26—Kan.—1778

*Case v. Yoakum,* 99 Kan. 253, 161 Pac. 642; *Parks v. Railway Co.,* 100 Kan. 219, 163 Pac. 1066.)

The plaintiff also appeals and complains that the court permitted the jury to answer the quoted question No. 2, and also No. 9, which, with its answer, is as follows:

"Q. 9. Did the roadmaster Carpenter direct the plaintiff to get on the train when to anyone using ordinary prudence it was obviously of great danger for plaintiff to attempt to get on? A. Yes."

The objection to No. 2 was that it was "improper to require the jury to enumerate the acts of negligence by a question so formed, and to No. 9 that it was formed in such a way that it was liable to mislead the jury and cause an answer the reverse of their intention." It is urged that the jury should not have been left to say what the defendant's negligence was, but should have been given a direct question which could be answered by yes or no. This very sort of question, however, was held proper in *Cole v. Railway Co.,* 92 Kan. 132, 139 Pac. 1177, and in *Adams v. Railway Co.,* 93 Kan. 475, 144 Pac. 999.

Question No. 9 is referred to by counsel as one "framed by the most skilled wording of high classed specialists, calculated to induce a miscarriage of justice," and it is said that if the answer is *yes* it finds the defendant guilty of contributory negligence, and if *no* it finds the defendant guilty of no negligence. But this does not condemn the question which asks for something which the parties have a right to know, and in which we fail to discover any pitfall or trap to catch the unwary juror.

We have overlooked nothing suggested by either side, and fail to find in the record any error materially prejudicial to the plaintiff, but are impelled by the settled rule heretofore repeatedly announced to hold that the negligence relied on by the plaintiff was not shown, and hence that he failed in his action and cannot recover.

The judgment is reversed with directions to enter judgment for the defendant.