No. 22,115.

W. R. DUNHAM, *Appellee*, v. A. BOKEL, *Appellant*.

SYLLABUS BY THE COURT.

1. NEW TRIAL—*Newly Discovered Evidence—Evidence at Trial Not Abstracted*. A judgment refusing to grant a new trial on the ground of newly discovered evidence will not be reversed, where the evidence introduced at the trial is not abstracted, and there is nothing in the abstract to show clearly that the newly discovered evidence was not cumulative.

2. SAME—*Newly Discovered Evidence—Want of Diligence*. Before a new trial can be properly granted on the ground of newly discovered evidence, the applicant must show affirmatively that the failure to obtain it so as to produce it at the trial was not due to his own want of diligence. Evidence that the defeated party did not know of the fact relied on until after the trial, when he was told of it by his attorney, is insufficient, because it fails to show a similar ignorance on the part of his attorney.

Appeal from Shawnee district court, division No. 1; ROBERT D. GARVER, judge. Opinion filed October 11, 1919. Affirmed.

*P. H. Forbes*, and *Tinkham Veale*, both of Topeka, for the appellant.

*W. I. Jamison*, and *Wesley H. Jamison*, both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action, one for a real-estate agent's commission for effecting an exchange of real property, resulted in a judgment in favor of the plaintiff for $250, and the defendant appeals.

No evidence given at the trial is abstracted, and it does not appear that there is a transcript of the evidence. A motion for a new trial, on the ground of newly discovered evidence, was filed, and was denied. The only question presented arises on the order denying that motion.

Affidavits were used on the hearing of the motion. These affidavits showed that the plaintiff was acting as the agent of the defendant, and of Mrs. I. W. Waldron, the party with whom

the plaintiff brought about a verbal contract for the exchange of property with the defendant; that neither Mrs. Waldron nor the defendant knew that the plaintiff was acting as agent for the other; and that the defendant "did not know of any such facts until after the trial . . . when he was informed of said fact by his attorney." No further showing of diligence on the part of the defendant was made.

The plaintiff asserts that Mrs. Waldron was a witness on the trial; that in the absence of the evidence, there is no way of knowing that the matter was not then fully disclosed; and that Mrs. Waldron "told all she knew and all that was true at the time, concerning the transaction, and nothing has developed since the trial that was not brought out at that time."

1. Because none of the evidence introduced at the trial is abstracted, and because there is no statement in the abstract that the evidence presented at the hearing of the motion was not cumulative, this court cannot say that the newly discovered evidence was not cumulative. If the evidence was cumulative, it would not require the granting of a new trial. (*Sheahan v. Kansas City,* 102 Kan. 252, 169 Pac. 957.)

2. A further fatal difficulty with the defendant's contention is that there was no sufficient showing of diligence on his part. The statute authorizes a new trial "for newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." (Civ. Code, § 305, Gen. Stat. 1915, § 7205.) It has been repeatedly held that diligence must be affirmatively shown. (*Carson, Pirie, Scott & Co. v. C. M. Henderson & Co.,* 34 Kan. 404, 8 Pac. 727.)

The only evidence on the subject here was the statement in the defendant's affidavit that he did not know of the facts referred to until after the trial, when he was informed of them by his attorney. It is not always easy to show affirmatively that no step which ought to have been taken to discover a particular fact was omitted; but the statement that the defendant learned of the matter after the trial through his attorney naturally suggests the inquiry as to when his attorney first knew of it. It has been held that evidence that the attorney in a case did not know of a fact raises no implication that his client did not (*Morgan v. Bell,* 41 Kan. 345, 21 Pac. 255) ; and it seems

equally clear that want of knowledge by the client does not imply a similar ignorance on the part of his attorney, through whom he finally receives the information. Of course, if the newly produced evidence was known to the defendant's attorney at the time of the trial, it cannot be made the basis of granting the motion.

If, as the plaintiff asserts, Mrs. Waldron, by whom the defendant proposed to prove the newly discovered facts, testified at the trial, the circumstance affords an additional reason for requiring a full showing of diligence on his part.

"As a rule, newly discovered evidence cannot be presented by means of witnesses who testified at the original trial, and a very strong case must be made out to justify a new trial by the additional testimony of such witnesses." (20 Standard Proc. 575.)

The judgment is affirmed.