Hausam v. Poehler.

No. 26,389.

GEORGE HAUSAM, *Appellee,* v. ED POEHLER and A. W. WICKENDOLL, Partners, doing business as POEHLER & WICKENDOLL, *Appellants.*

### SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Liability for Injuries to Third Person—Scope of Employment.* In an action for damages due to a collision of automobiles, the issues and evidence examined, and held that defendants' demurrer was properly overruled.

2. SAME—*Scope of Employment—Instructions.* Error assigned on instruction considered and not sustained.

3. TRIAL—*Instructions—Sufficiency.* Rule followed that where the trial court's instructions adequately define the issues and state the pertinent law of the case, it is not error to refuse to submit to the jury instructions prepared and requested by either of the parties to the action.

4. SAME—*Verdict—Special Findings.* Error based on the trial court's refusal to set aside a special finding of the jury examined and not sustained.

5. SAME—*Misconduct of Counsel.* Error assigned on alleged misconduct of counsel for the prevailing party examined and found to be without merit.

6. NEW TRIAL—*Grounds—Newly Discovered Cumulative Evidence.* Motion for a new trial supported by an affidavit adducing testimony of merely cumulative character, and by another affidavit on a matter of some evidential significance but which was not accompanied by some showing to excuse its nonproduction at the trial as required by section 305 of the civil code, was not erroneously overruled.

Appeal from Reno district court, WILLIAM G. FAIRCHILD, judge. Opinion filed January 9, 1926. Affirmed.

*C. M. Williams* and *C. D. Martindell,* both of Hutchinson, for the appellants.

*A. C. Malloy, R. C. Davis* and *Warren H. White,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This action grew out of a collision of two automobiles at a street intersection in Hutchinson.

On November 23, 1923, plaintiff's wife was taking her children to school in plaintiff's car. As she was driving westward on Seventeenth street, about 8:45 a. m., defendants' employee came speeding southward on Poplar street in a delivery truck and negligently drove it against plaintiff's car, upsetting and damaging it, and causing slight injuries to plaintiff's wife so that she required medical

Master and Servant, 39 C. J. pp. 1360 n. 60, 1365 n. 44, 55, 59. New Trial, 29 Cyc. p. 886 n. 5; L. R. A. 1918D, 93; 2 R. C. L. 413. Trial, 38 Cyc. pp. 1490 n. 20, 1911 n. 26, 1925 n. 72; 14 R. C. L. 751.

attention. Plaintiff sued for $400 as damages to his automobile and $15 for doctor's bill and medicines.

Defendants answered with a general denial, and alleged that the collision and consequent damages were due to the negligence of plaintiff's wife in driving, and that she drove without looking or trying to avoid a collision "with defendant's servant."

Plaintiff's evidence tended to support the allegations of his petition. Defendants'. demurrer thereto was overruled. Defendants' evidence tended to show that the collision occurred at about 7:45 a. m., while the driver of their truck, George Sproule, was not engaged in their service, but on an errand of his own; that he had used defendants' truck that morning before working hours to take his father to the fair grounds, and that he was returning from that trip when the collision occurred at Seventeenth and Poplar streets, and that it was not on account of any business of defendants that Sproule was in that locality at that time in the morning.

The jury returned a verdict for plaintiff for $415 as prayed for, and answered special questions, some of which read:

"Q. 2. If Sproule, the driver of defendants' car, was negligent in not avoiding a collision with plaintiff's automobile, then state what the negligence of Sproule in this respect was, which caused the collision? A. Speeding and lack of attention.

"Q. 3. Was the collision between the car of defendants and plaintiff caused by a want of care and caution on the part of both plaintiff's wife and Sproule, the driver of defendants' car? A. No.

"Q. 4. Did Sproule, the driver of defendants' car, take his father to the fair grounds the morning of the accident unknown to defendants and without their direction? A. No.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"Q. 7. Did Sproule, the driver of defendants' car, reside with his father? A. Yes.

"Q. 8. Was it necessary for Sproule, the driver of defendants' car, to go by the intersection of Poplar and Seventeenth streets in going from his father's house after breakfast to the manufacturing plant of defendants? A. No."

Judgment was entered for plaintiff, and defendants appeal.

They first contend that the evidence was insufficient to prove that Sproule was engaged in defendants' business at the time of the collision.

Let us see about this point: Defendants' answer admitted that Sproule was their servant. They were engaged in the manufacture and sale of ice cream. There was evidence that Sproule went on

duty at eight o'clock a. m.; that his duty was to deliver ice cream; that this collision occurred about 8:45 a. m.; that Sproule was driving defendants' truck which collided with plaintiff's automobile, and that the truck contained an ice-cream packer. This evidence was sufficient to require its submission to the jury. In Abbott's Proof of Facts, 3d ed. 457, it is said:

"Evidence that a person was actually engaged in performing labors such as were a part of the ordinary business of an employer is sufficient to go to the jury as evidence that he was acting as a servant of the latter."

Defendants seek to emphasize the evidence given in their behalf to the effect that the collision occurred at 7:45 a. m., before their employee went on duty and while he was returning from the fair grounds where he had gone with his father, purely on an errand of his own and not in the service of his employers. That would have been a good defense if the jury had believed it. Being disbelieved, it has no particular significance in this appeal. In *Fenn v. Kansas Gas & Electrict Co.,* 118 Kan. 131, 234 Pac. 77, it was said:

"One trouble with   .  .  .  defendant's argument is the assumption that what its witnesses testified to must be accepted by this court as true, which, of course, is altogether incorrect. (Citing authorities.)" (p. 136.)

"The trial court and jury constitute the fact-finding tribunal, not the supreme court." (*Fowler v. Shaw,* 119 Kan. 576, 586, 240 Pac. 970.)

There was sufficient evidence to support plaintiff's cause of action to require the overruling of defendants' demurrer thereto.

Error is based on instruction No. 13, which reads:

"The jury are instructed that one of the defenses made by the defendants is that George Sproule, while an employee of the defendants, was not engaged in their business at the time of the accident, but that said Sproule was engaged outside of defendants' business and acting for himself or his father, and was on his own business or the business of his father at the time of the accident.

"You are further instructed that this is a good defense, as an employer is not responsible for injuries or damages caused by an employee when not engaged in his business, so that in this case unless you find that George Sproule was actually engaged in his employers' business at the time of the accident, your verdict will be for the defendant."

The objection urged against this instruction was that it placed the burden on defendants of proving that at the time of the accident Sproule was not engaged in the business of defendants. We do not think the instruction is justly open to that criticism, espe-

cially when it is read in connection with instruction No. 2, which correctly stated the burden of proof, but which it is needless to reproduce.

Defendants also complain of the trial court's refusal to give certain instructions prepared by them. These emphasized the point that defendants were not liable for the tort of their employee if he were not engaged in their business at the time of the collision. But that matter was adequately covered in the instructions which the court did give, and there was no error in refusing to incorporate in the court's instructions the precise text of others prepared by defendants. (*City of Topeka v. Tuttle,* 5 Kan. 311, syl. ¶ 4; *Farmers State Bank v. Brenneke,* 118 Kan. 251, 253, and citations, 234 Pac. 985.)

Error is also assigned on the trial court's refusal to set aside the jury's finding No. 4. The question was not improperly submitted, since it had some evidential bearing on the controlling issue in the case; and the answer was candid, direct, and responsive. We discern no error there.

Another grievance urged by defendants relates to what they choose to call misconduct of plaintiff's attorney, who in his address to the jury quite bluntly argued that defendants' witness Sproule had not told the truth, adding such comment and suggestions thereto as were prompted by the circumstances. But there is nothing in the excerpts from the attorney's address produced for our inspection which trenched upon the limits of fair discussion, and the error assigned lacks merit. (2 R. C. L. 411-416; 38 Cyc. 1485 *et seq.*)

A final error is based on the denial of defendants' motion for a new trial. When defendants discovered that the jury had utterly rejected the testimony of Sproule to the effect that the collision had occurred before 8 a. m., as he was returning from a trip to the fair grounds, an affidavit of Sproule's father was produced in support of the motion for a new trial. It corroborated part of his son's testimony. This evidence was merely cumulative, and no excuse was offered to show why it was not forthcoming at the trial. (*Pittman Co. v. Hayes,* 98 Kan. 273, 277, 278, 157 Pac. 1193; *Dunham v. Bokel,* 105 Kan. 369, 184 Pac. 636.) One of the defendants also filed an affidavit averring that he personally knew that there were no deliveries to be made in the vicinity of the scene of the collision on the day it happened, and that he knew Sproule was

performing no duty for defendants at Seventeenth and Poplar streets at the time of the accident. Touching this affiant's testimony, also, defendants failed to justify its belated appearance as required by the civil code, section 305 (R. S. 60-3001).

A patient consideration of this case in its entirety discloses nothing which would justify a disturbance of the judgment. It is therefore affirmed.