No. 40,235

Ruby F. Cosby, *Appellee*, v. Frank Doskocil, *Appellant*.

(303 P. 2d 1107)

Opinion filed December 8, 1956.

*Eldon L. Meigs,* of Pratt, argued the cause and was on the briefs for the appellant.

*B. V. Hampton* and *Bill Murray,* both of Pratt, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

Smith, C. J.: This was an action for damages alleged to have been sustained when a collision occurred between two automobiles at a street intersection. Judgment was for plaintiff. Defendant appealed.

The plaintiff was traveling west. The defendant was traveling south. The petition alleged the defendant traveling at an excessive rate of speed, under the circumstances, negligently drove his car into the intersection without looking to see if other cars had entered it; and the collision of the vehicles was proximately caused by the negligence of defendant in driving at an excessive rate of speed and failing to keep a proper control of his car, failing to keep a proper lookout, in failing to stop or halt at an intersection and permit plaintiff's vehicle to proceed, in failing to yield the right of way and in failing to do anything to avoid the collision.

The answer alleged first a general denial, then that defendant was driving at a moderate rate of speed, with ordinary care, and in accordance with the city ordinances; and plaintiff's injuries were caused by her own negligence.

The reply was a general denial.

There was a pre-trial conference following which the trial court made an order as to the width of the two streets, each being 41 feet; that there were no stop signs; the speed limit was 30 miles an hour; that plaintiff's car was 197½ inches long and that of de-

fendant. 213¾₂ inches long; the weather was clear and the streets dry.

The plaintiff testified she approached the intersection at a rate of between 15 and 20 miles per hour; as she entered the intersection she saw defendant's car 25 feet away; and she first saw defendant's car when she was just getting ready to enter the intersection.

An officer testified the point of impact was a foot and 6 inches from the center of the street and the plaintiff's car was about 8 feet from being out of the intersection and about 33 feet into the intersection when the collision occurred.

At the conclusion of this testimony the defendant demurred to it on the ground that it failed to prove a cause of action and proved plaintiff guilty of contributory negligence. This demurrer was overruled.

At the close of all the evidence there was a verdict in favor of the plaintiff. Special questions were answered as follows:

"1. At what rate of speed was the Cosby vehicle traveling when it was 45 feet east of the east edge of the intersection? A. Approximately 20 miles per hour.

"2. At what rate of speed was the Cosby vehicle traveling when it crossed the east line of the intersection? A. Approximately 20 miles per hour.

"3. Did Mrs. Cosby look to the north for approaching traffic at any time between when she was approximately 50 feet east of the east edge of the intersection and the east edge of the intersection? A. Yes.

"4. What, if anything, prevented Mrs. Cosby from seeing the Doskocil car from the time when she was 45 feet east of the east edge of the intersection to the time when she crossed the east edge of the intersection? A. Nothing.

"5. At what rate of speed was the Doskocil car traveling at a point 75 feet north of the north edge of the intersection? A. Approximately 30 miles per hour.

"6. Did Mr. Doskocil look to the east for approaching traffic when he was approximatey 150 feet north of the north edge of the intersection? A. Don't know.

"7. Did Mr. Doskocil again look to the east where he was approximately 40 feet north of the north edge of the intersection? A. Yes.

"8. What, if anything, did Mrs. Cosby do to avoid the accident? A. Swerved car to left.

"9. What, if anything, did Mr. Doskocil do to avoid the accident? A. Applied brakes.

"10. Did Mrs. Cosby's car enter intersection before the defendant's car? A. Yes."

The defendant requested the submission of a question as follows:

"At the rate of speed Mrs. Cosby was traveling when she was 45 feet east

of the east edge of the intersection, how many feet would it have taken her to stop her car?"

At the finish of the defendant's case defendant renewed his demurrer and moved for a directed verdict. Both were overruled.

Defendant filed a motion for a new trial on fifteen grounds. This motion was overruled—hence this appeal.

The specifications of error are: The trial court erred in overruling defendant's demurrer to plaintiff's evidence; in refusing to submit defendant's eighth special question; in discussing in the presence of the jury the defendant's eighth special question; in submitting a special question requested by plaintiff when it had not been requested in writing; in failing to include in the instructions the stipulation entered into by the parties at the pre-trial conference; in refusing to give defendant's requested instructions numbered 1, 3, 4 and 5; that the general verdict of the jury was contrary to the evidence; in overruling defendant's motion to set aside the general verdict and to enter judgment for defendant; and in overruling defendant's motion for a new trial.

Defendant first points out certain portions of plaintiff's evidence and undisputed physical facts and argues that these prove the plaintiff to be guilty of contributory negligence.

Defendant concedes that whether an act or acts constitute contributory negligence is ordinarily a question for the jury. He argues, however, that where the admissions of a party disclose the injury was the direct result of the concurrent negligence of two motorists, a question of law is presented. There can be no doubt but that the above is the rule. There is another rule in the consideration of a demurrer to the evidence. This court considers all the plaintiff's evidence to be true and draws all reasonable inferences from it in favor of the plaintiff and disregards any unfavorable to him. Then if reasonable minds might differ the demurrer must be overruled. (See *Hill v. Southern Kansas Stage Lines Co.*, 143 Kan. 44, 53 P. 2d 923; *McCracken v. Stewart*, 170 Kan. 129, 223 P. 2d 963; *Fry v. Cadle*, 171 Kan. 14, 229 P. 2d 724; *Messinger v. Fulton*, 173 Kan. 851, 252 P. 2d 904; *Briggs v. Burk*, 174 Kan. 440, 257 P. 2d 164; *Samms v. Regier*, 167 Kan. 556, 207 P. 2d 414; and *Blankenship v. Fraker*, 173 Kan. 438, 249 P. 2d 683.) When we consider this evidence in the light of those rules, we must conclude the trial court did not err in overruling the demurrer to plaintiff's evidence. We will not set out the evidence in this opinion.

Defendant next argues the trial court erred in refusing to submit requested question No. 8. This question was as follows:

"At the rate of speed Mrs. Cosby was traveling when she was 45 feet east of the east edge of the intersection, how many feet would it have taken her to stop her car?"

We have examined the record and fail to find where such a question was proper under all the surrounding facts and circumstances.

Defendant next argues the trial court erred in discussing in the presence of the jury the giving of question No. 10. The record discloses nothing more than a statement of the trial court that No. 10 would not be given. No possible prejudice appears.

We have examined and considered other errors argued by defendant and find them to be without merit.

The judgment of the trial court is affirmed.