No. 41,573

DONALD G. KITCHEN, *Appellant*, v. LASLEY COMPANY, INC., a Corporation, *Appellee.*

(348 P. 2d 588)

Opinion filed January 23, 1960.

*Joseph P. Jenkins*, of Kansas City, argued the cause, and *Joseph Cohen; Charles S. Schnider; John E. Shamberg; Barton P. Cohen; Jacob F. May; Norma Braly;* and *Frederick K. Cross*, all of Kansas City, were with him on the briefs for the appellant.

*Blake A. Williamson*, of Kansas City, argued the cause, and *James K. Cubbison; Lee Vaughan; Donald A. Hardy;* and *A. C. Cooke*, all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: The plaintiff, Donald G. Kitchen, brought this action against Lasley Company, Inc., to recover damages for personal injuries.

The second paragraph of plaintiff's amended petition contains the allegations on which he predicates his cause of action. It reads:

"That on or about April 13, 1956, at about the hour of 4:00 o'clock P. M. of said day, plaintiff was upon the premises of defendant, Lasley Company, Inc., having driven there in a truck for the purpose of picking up a load of steel for his employer, Roadway Express, Inc., said truck having been backed into position, defendant Lasley Company, Inc., through its agents, servants and employees, started loading same by the use of a hoist or crane suspended from a metal track above, powered by electricity and controlled by a hand switch. Plaintiff states that while in the act of loading one heavy piece of steel and while it was suspended in the air above said truck, defendant, through its agents, servants and employees, who were acting in the furtherance of the business of the defendant, carelessly and negligently permitted said steel to strike a portion thereof with such force that the lifting tongs or clamps at-

tached to such steel tore loose, swung back and struck plaintiff who was standing nearby watching the loading of his truck. That said tongs struck plaintiff's face and head with such great force and violence that he was caused to sustain the permanent, painful and lasting injuries as hereinafter set out."

Remaining portions of the amended petition set forth the nature of the injuries claimed to have been sustained, consisting of multiple cuts, lacerations and bruises around the eyes, lasting headaches and shock; the allegations of acts of negligence relied on; and the prayer for compensation.

Defendant's amended answer to the petition denies that its agents, servants and employees were guilty of any of the acts of negligence set forth in the amended petition; denies that plaintiff was injured as the direct or proximate cause of any act or acts of negligence on its part, its agents, servants or employees; and states that if plaintiff received any injuries at the time and place in question, which injuries are specifically denied, such injuries were received as a result of or contributed to by alleged careless and negligent acts on the part of the plaintiff.

Plaintiff's reply denies all allegations contained in the amended answer.

After a jury had been empaneled to try the cause, on issues joined as related, plaintiff adduced his evidence. At the close thereof defendant demurred thereto. This demurrer was overruled.

Thereafter, and following the introduction of defendant's evidence and rebuttal evidence by the plaintiff, the cause was submitted to the jury under instructions of the court, to which there were no objections.

Subsequently the jury returned the following general verdict:

"We, the Jury, find for the defendant.

"We feel that although the defendant allowed conditions to exist which were conducive to accidents, that no adequate proof of injury was submitted. Further no verification of the condition of the plaintiff immediately following the alleged accident was furnished. No proof was shown of definite connection of the defect of vision of the plaintiff with the alleged injury."

Along with the foregoing verdict the jury returned its answers to special questions submitted by the court. Such questions and answers read:

"1. Do you find from the evidence that at any time plaintiff assisted the employees of the Lasley Company, Inc., in loading the truck described in the evidence in this case? Answer: No.

"2. If you answer Question No. 1 'Yes', then state each and every act performed by the plaintiff in so assisting? Answer: _____

"3. If you answer Question No. 1 'Yes', than state what plaintiff was doing at the time he claims he was injured? Answer: ____

"4. At the time plaintiff claims he was injured, state where he was standing? Answer: At the rear of the truck.

"5. Under the facts and circumstances disclosed by the evidence, do you find the plaintiff was guilty of negligence in standing at the place where you find he was standing in Question No. 4? Answer: No.

"6. If you answer Question No. 5 'Yes', then state what his negligence consisted of? Answer: ____

"7. Do you find that the tongs or hooks were being released and coming off of the fan support or beam? Answer: No.

"8. If you answer Question 7 'Yes,' state whether or not plaintiff saw or in the exercise of reasonable care could and should have seen the tongs or hooks being released and coming off of the fan support or beam? Answer: ____

"9. Was the defendant guilty of any act or acts of negligence? Answer: Yes.

"10. If you answer Question No. 9 'Yes,' then state each and every act or acts of negligence you find the defendant guilty of? Answer: Failure to use safety precautions. (1) Not using roller bar. (2) Allowing plaintiff to be in position of danger without admonition."

No objections were made to the general verdict or to the answers to the special questions. Thereupon the court accepted the verdict and discharged the jury.

In due time plaintiff filed a motion for a new trial and a motion for an order setting aside the verdict and directing a new trial on the question of damages only.

These motions were overruled and defendant's motion for judgment upon the general verdict sustained. Judgment was then rendered against the plaintiff and in favor of the defendant for the costs of the action. This appeal followed.

At the outset it may be stated that, although deviously argued, the principal claim of error presented on this appeal, which we pause here to note is limited to alleged errors in the overruling of appellant's post-trial motions, is that the jury's verdict and answers to the special questions are contrary to and not supported by the evidence. This claim must, of course, be examined in the light of the elementary and universal rule that if the record discloses substantial competent evidence to sustain the verdict and answers they must be upheld.

In disposing of the foregoing claim it is neither necessary nor required and we are not disposed to prolong this opinion by detailing the evidence adduced by the parties. It suffices to say that

after a careful review of the record we are convinced it discloses highly conflicting but nevertheless substantial testimony which, if believed, would sustain the conclusions reached and announced by the jury, as the trier of facts, in both the verdict and in its answers to the special questions.

Moreover, it can be said, that as a result of the same careful and extended examination of the record we are further convinced such record definitely establishes that the trial court was entirely correct when, in ruling on the motion for a new trial and in connection with matters to which reference has just been made, it said:

". . . Under the instructions given by the court, the burden of proof was upon the plaintiff to prove by preponderance of the evidence, not only that the defendant was negligent, but also that as a direct and proximate result of such negligence the plaintiff was injured. The jury in its answers to special questions submitted found the defendant guilty of negligence, but by its general verdict for the defendant found that the plaintiff had failed to prove by preponderance of the evidence that such negligence caused injury and/or damage to the plaintiff. Whether or not the plaintiff was injured and/or damaged as a result of the negligence of the defendant, was a pure jury question which was decided adversely to the plaintiff. The plaintiff introduced testimony from which the jury could have believed that the plaintiff was injured as a result of defendant's negligence, but this evidence did not convince the jury, as is demonstrated by the general verdict for the defendant. . . ."

In the face of what has been heretofore stated, particularly since it is clear the jury, with the trial court's approval, resolved the evidentiary facts against the appellant upon controverted but nevertheless substantial competent evidence, this court has no right to disturb the verdict or findings and it is its duty to uphold them unless, of course, the record discloses that other contentions advanced by appellant compel a conclusion the trial court erred in overruling his motion for a new trial. We therefore turn to contentions of that character.

Directing our attention to the fact that in returning its general verdict the jury not only found generally in favor of appellee but added thereto the statement, heretofore quoted, setting forth the reasons for its general finding, appellant makes three contentions.

The first of these is to the effect the verdict was nullified and the trial court erred in refusing to vacate and set it aside because, on its face, it showed the jury had failed to follow the court's instructions, wherein that body was, in substance, directed that if it found for the defendant the form of its verdict would be "We,

the Jury, find for the defendant." The short and simple answer to this contention is that the question raised thereby was answered contrary to appellant's position in *Hanson v. Kendt*, 94 Kan. 310, 316, 146 Pac. 1190. A further answer is found in the established rule of this jurisdiction that, absent any objection to a verdict until after the jury is discharged, a litigant is deemed to have waived any objections he might have thereto and cannot urge them for the first time upon a motion for a new trial or on appeal. See *Watkins Co. v. Hanson*, 185 Kan. 758, 347 P. 2d 447. See, also, *Banberry v. Lewis*, 173 Kan. 59, 68, 69, 244 P. 2d 202, and authorities there cited.

The second is that the words added to the general finding in the verdict amount to additional and unauthorized findings of fact which cannot be considered as a part of the verdict and must be treated as mere surplusage. We do not believe this contention can be upheld under the particular facts of this case. Under instruction 13 the jury had been instructed that the defendant was required to use reasonable and ordinary care for the safety of plaintiff and failure on its part to exercise reasonable and ordinary care would constitute negligence. Under instruction 17 it had been instructed that if it found from a preponderance of the evidence that the defendant was guilty of one or more of the acts of negligence and found such acts were negligence; and further found from a preponderance of the evidence that such negligence, if any, was the proximate cause of injury and/or damages to the plaintiff, then plaintiff would be entitled to recover a money judgment. And under instruction 5 it had been instructed that the burden of proof was upon the plaintiff to prove to its satisfaction by a preponderance of the evidence, not only that he was injured at the time and place he claimed, but also that his injuries, if any, were proximately caused by some act of negligence on the part of the defendant. These instructions were not objected to and no additional instructions were requested. Under such circumstances these instructions became the law of the case. (See West's Kansas Digest, Appeal & Error, § 215; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 344, 345.) As pointed out in the heretofore quoted portion of the trial court's ruling on the motion for a new trial, the jury in its answers to special questions 9 and 10 found the defendant guilty of negligence, but by its general verdict for the defendant found that the plaintiff had failed to prove by a preponderance of the evidence

that that negligence caused injury and/or damage to the plaintiff. In that situation it was only reasonable the jury should attempt to clarify and explain by additional language what otherwise might be construed as an inconsistency between its answers to the special questions and its general verdict in favor of the defendant. This it did in clear, unequivocal and germane language. Under such circumstances, and without any objection having been made to the verdict prior to the discharge of the jury, we do not believe the additional language can be disregarded as surplusage but must be treated and considered as part of the verdict.

The third and last of these contentions is that when considered as a part of the verdict, the portion thereof now under consideration, clearly shows that the jury disregarded the court's instructions and applied more stringent rules with reference to proof than the law requires or permits. In our opinion this contention lacks merit and requires little discussion. It suffices to say we agree with the trial court's statement where, in ruling on the motion for a new trial and after pointing out the instructions given, particularly instruction 5, it said, in substance, that although in the jury's answers to special questions submitted it found the defendant guilty of negligence, it also found by the terms of its general verdict that the plaintiff had failed to prove by a preponderance of the evidence that such negligence was the proximate cause of injury and/or damage to the plaintiff.

Next appellant argues that the trial court erred in refusing to vacate and set aside the verdict of the jury because its answers to the special questions are in conflict with the general verdict. The test to be announced in determining this question is well-established. Under all our decisions a general verdict imports a finding upon all the issues of the case not inconsistent with the answers to special questions submitted, and such special findings are to be given such a construction, if possible, as will bring them into harmony with the general verdict. See *Giltner v. Stephens,* 166 Kan. 172, 200 P. 2d 290; *Hubbard v. Allen,* 168 Kan. 695, 701, 215 P. 2d 647; *Cain v. Steely,* 173 Kan. 866, 252 P. 2d 909; *Hurley v. Painter,* 182 Kan. 731, 736, 324 P. 2d 142. For numerous other decisions of like import see West's Kansas Digest, Trial § 343. Applying the rule and with the special questions construed, as heretofore, indicated, as a finding of negligence which, under the jury's verdict, did not constitute the proximate cause of injury and/or

damage to the plaintiff, there is no inconsistency between the answers to such questions and the general verdict. Indeed such questions are in harmony with the verdict. It follows this contention lacks merit and cannot be upheld.

Two further contentions advanced by appellant require attention. They are to the effect that trial court erred in overruling appellant's motion for a new trial and his motion for an order setting aside the verdict and directing a new trial on the question of damages only, when it appears from the evidence and the answers to the special questions that appellant was entitled to some damages. The trouble with all arguments advanced in support of these contentions has already been demonstrated. The evidence does not require, and the special questions do not permit, any such conclusion.

We find nothing in other contentions raised by appellant, all of which have been considered, although not here specifically mentioned, to warrant or permit a conclusion the trial court erred in overruling his motion for a new trial or his motion for an order setting aside the verdict and directing a new trial on the question of damages only. Therefore what has been heretofore stated and held compels a conclusion that tribunal did not err in overruling such motions and properly sustained appellee's motion for judgment upon the general verdict.

The judgment is affirmed.