No. 42,355

SYLVAN W. HOLT, *Appellant,* v. FRANK JOHN BILLS, *Appellee.*

(366 P. 2d 1009)

Opinion filed December 9, 1961.

*John A. Bausch,* of Topeka, argued the cause, and *L. M. Ascough, E. Edward Johnson* and *Wayne T. Stratton,* all of Topeka, were with him on the briefs for the appellant.

*William Hergenreter,* of Topeka, argued the cause, and *Wendell L. Garling-house* and *Warren W. Shaw,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This appeal arises from an action growing out of an automobile collision which occurred on North Kansas avenue in the city of Topeka. The case was tried to a jury which returned a verdict for the plaintiff Holt and answered certain special questions. Upon the motion of the defendant Bills, the district court ordered a judgment in favor of the defendant notwithstanding the general verdict upon the answers to the special questions. Plaintiff appeals urging that the trial court was in error in making its above order.

The general facts leading to the automobile collision can be shortly stated. On August 22, 1959, the plaintiff driving a Henry J car turned off highway No. 24 on to North Kansas avenue driving south. At about the same time, near three in the afternoon on a clear day, defendant was driving north on the same street. From the evidence introduced, these two cars were the only vehicles using the street in that vicinity at the time. Plaintiff testified that he noticed defendant's Chevrolet car approaching on perhaps three occasions as he drove down the street. When plaintiff had arrived opposite Cramer's grocery, he made a left turn in the middle of the block intending to drive into the parking lot of the grocery.

This left turn, of course, caused him to cross the north bound lane of traffic and defendant's car struck plaintiff's car in the rear quarter of the right side behind the right door.

The jury's general verdict in favor of plaintiff was for the sum of $2,500. They also answered the following eight special questions as herein set out:

"1. Do you find from the evidence the defendant was guilty of negligence? A. Yes.

"2. If you answer the foregoing question in the affirmative then state of what such negligence consisted. A. Excessive speed.

"3. Do you find from the evidence the plaintiff was guilty of negligence? A. Yes.

"4. If your answer to the foregoing question is in the affirmative then state of what such negligence consisted. A. Inattentive driving. Failure to watch and judge the speed of on-coming car.

"5. Did the plaintiff, before starting to make a left turn into Cramer's Grocery Store give a signal of his intention to make a left turn? A. Evidence not conclusive.

"6. If you answer question five in the affirmative, then state the distance plaintiff continuously gave such signal before starting to make the left turn into the Cramer Grocery Store. A.

"7. If you answer question five in the affirmative, then state what method the plaintiff used in giving the signal of his intention to turn left. A.

"8. Did plaintiff see the car of defendant approaching from the South before plaintiff began to make a turn into Cramer Grocery Store? A. Yes."

Following the dismissal of the jury, plaintiff moved for a new trial and also moved to set aside the answers to questions 3 and 4. Defendant filed a motion for judgment notwithstanding the verdict. After full consideration of the above motions, the trial court overruled the plaintiff's motions and granted defendant's motion entering judgment for defendant.

Turning now to the answers to the special questions to examine the trial court's ruling thereon, we observe first the answer to question 5, in which the jury found the evidence inconclusive as to whether plaintiff signaled before making a left turn. In view of the provisions of G. S. 1949, 8-547, it was the duty of the plaintiff to show that he had given a proper signal, and the jury's failure to be convinced by the evidence, which was in fact inconclusive, had the effect of a finding that no signal had been given, see cases cited in Hatcher's Digest, Trial §§ 310 and 311; West Kansas Digest, Trial § 365(1). Thus, we have a finding that plaintiff was guilty of at least one act of contributory negligence in making the left turn in the middle of the block.

Plaintiff states in attempting to avoid the jury's answers to questions 3 and 4, *supra,* that: "The decisions in Kansas have uniformly held that negligence to bar a plaintiff's recovery must contribute to and be a proximate cause of the injury complained of (citing *Hutchens v. McClure,* 176 Kan. 43, 269 P. 2d 473)." There can be no doubt concerning the rule stated and a corollary of that rule is that any negligence of the defendant which is sufficient to make him responsible for an accident must have been a proximate cause of such accident. The court's instructions are not shown in the record before us, and no complaint is made concerning them. Therefore, we must assume that the jury was properly instructed upon the issue of proximate cause.

The real burden of plaintiff's argument is that none of the questions asked by the court refers to proximate cause, and the plaintiff would have this court now hold that all special questions must specifically limit the findings of negligence by stating the rule as to proximate cause in each question. Plaintiff attempts to find some encouragement from the case of *Taylor v. Johnson,* 186 Kan. 561, 352 P. 2d 436. Plaintiff admits that the Taylor case does not so hold. It will be seen that in that case we were discussing only a special question submitted to the jury in which the jury was asked about whether plaintiff had been guilty of any negligence "which caused or contributed to the collision." There we simply said, in making a quick answer to an argument about causation, that the quoted words amounted to a definition of proximate cause. We would also direct attention to a sentence of the opinion in the Taylor case which the plaintiff may have overlooked. Near the close of the argument on causation, we said: "Obviously, the jury understood the judge to be referring to the action of the plaintiff at the scene of the accident." (p. 565.)

It would indeed be a new rule to hold now that every special question on negligence must specifically include a statement as to such negligence being the proximate cause of the injury. The jury was instructed upon causation and the court is asking about the occurrences at the scene which caused the injury. No objection to the form of the questions is shown to have been made in the court below. The following cases may be cited as showing special questions which did not raise the matter of causation under such circumstances and which were treated as entirely sufficient: *Eastman v. Railway Co.,* 102 Kan. 400, 171 Pac. 1; *Hausam v. Poehler,* 120 Kan.

119, 242 Pac. 449; *Mitchell v. Foran,* 143 Kan. 191, 53 P. 2d 490; *Jelf v. Cottonwood Falls Gas Co.,* 160 Kan. 112, 160 P. 2d 270; *Jelf v. Cottonwood Falls Gas Co.,* 162 Kan. 713, 178 P. 2d 992; *Morrison v. Hawkeye Casualty Co.,* 168 Kan. 303, 212 P. 2d 633; *Knoche v. Meyer Sanitary Milk Co.,* 177 Kan. 423, 280 P. 2d 605; *Cosby v. Doskocil,* 180 Kan. 367, 303 P. 2d 1107; *Critchfield v. Ernzen,* 181 Kan. 284, 310 P. 2d 930.

The above collection of cases is not intended to be complete and may be increased with ease, we believe. It would be strange for this court to hold contrary now to the above authorities and in effect say the special questions discussed in those cases were insufficient.

We all agree that under the rules of procedure in this jurisdiction nothing is to be presumed in favor of the special findings, and that the general verdict cannot be set aside unless the special findings, being consistent with each other, are contrary to the general verdict. (*Unruh v. Kansas Turnpike Authority,* 181 Kan. 521, 313 P. 2d 286, and cases cited; see also G. S. 1949, 60-2918.)

Suppose we look at the answer given by the jury to question No. 4 remembering that, as in most of the above cases, the court is asking about acts done "at the scene of the collision." Can anyone really believe that the answer did not state acts of negligence which, if true, were not a proximate cause of the accident?

The jury answered that the plaintiff was guilty of: "Inattentive driving. Failure to watch and judge the speed of on-coming car." That is, the jury is saying that the plaintiff merely saw the on-coming car, but failed to look carefully enough to see that it was approaching at a speed of sixty miles per hour, and that he made a left turn—without signaling—into the wrong lane of traffic, closely in front of the speeding car.

We might also remember that a sergeant of the Topeka police department testified that defendant laid down 115 feet of skid marks before he hit plaintiff's car and 54 feet after the collision.

We might also note that plaintiff's own testimony—plaintiff being a truthful man—would seem to support the jury's answer to question No. 4. The only fortunate thing about the accident appears to be that neither plaintiff nor his small son who was riding with him seems to have been seriously injured.

Plaintiff makes certain other arguments about the answers to the jury's questions and we have carefully considered them. For the most part, the very cases cited by plaintiff we think show the un-

availability of the points stated. We see no reason to discuss the other points.

The answers to the special questions are consistent with each other but contrary to the general verdict of the jury, therefore the trial court did not err in granting judgment for the defendant notwithstanding the verdict (G. S. 1949, 60-2918). The judgment must be affirmed, and it is so ordered.

WERTZ, J. (dissenting): I am unable to agree that the jury's answers to the special questions are so inconsistent with the general verdict as to compel a judgment to be entered thereon in favor of the defendant.

Defendant's motion for judgment *non obstante veredicto* admits there was evidence to sustain the special findings, and the only question here for review is whether those answers are so inconsistent with the general verdict as to compel its overthrow. (*Dirks v. Gates*, 182 Kan. 581, 591, 322 P. 2d 750.) It must be assumed, in view of the sole question raised, that the trial court properly instructed on the law of negligence, contributory negligence and proximate cause. In considering the question raised we must bear in mind the often repeated rule of this court that a general verdict imports a finding in favor of the prevailing party upon all of the issues in the case not inconsistent with the special findings, and nothing will be presumed in favor of the special findings. They will be given such a construction, if possible, as will bring them into harmony with the general verdict. The general verdict may be set aside only when the special findings are contrary to the verdict and compel a judgment setting aside the general verdict as a matter of law. (*Dirks v. Gates*, supra; *Kitchen v. Lasley Co.*, 186 Kan. 24, 29, 348 P. 2d 588; *Applegate v. Home Oil Co.*, 182 Kan. 655, 660, 324 P. 2d 203.) In such a case the court is not permitted to isolate one answer and ignore other answers—all are to be considered; and if one interpretation leads to inconsistencies and another is in harmony with the general verdict, the latter is to be adopted. (*Applegate v. Home Oil Co.*, supra; *Cain v. Steely*, 173 Kan. 866, 252 P. 2d 909; *Marley v. Wichita Transportation Corp.*, 150 Kan. 818, 96 P. 2d 877.)

· The syllabus written for the majority opinion of the court states that, "The finding of the jury convicting plaintiff of contributory negligence is found to be binding upon this court." An examination of the special questions does not reveal that the jury found

the plaintiff guilty of *contributory* negligence. The answer to question No. 3 only found the plaintiff guilty of *negligence*, and the answer to question No. 4 was that such negligence only consisted of inattentive driving. Failure to watch and judge the speed of oncoming car. Nowhere are the words "contributory" or "contributing" to the accident mentioned, and no special question was asked as to whether plaintiff's negligence "contributed to" or was a "proximate cause" of the collision. The jury, by its answers to questions 1 and 2, found the defendant guilty of negligence, and inherent in the general verdict for the plaintiff was a finding that plaintiff's negligence was not a contributing or proximate cause of the collision but that the proximate cause was the negligence of the defendant.

As I interpret the majority opinion, this court is saying as a matter of law that the negligence of the plaintiff was a contributing or proximate cause of the injury. By so doing, the majority of the court is weighing the evidence, which is not here for review, and constituting itself as the trier of the facts. In *Knoche v. Meyer Sanitary Milk Co.*, 177 Kan. 423, 428, 280 P. 2d 605, it was stated, "Nor, as the matter is now presented, are we warranted in interpreting the jury's answers to special questions against the appellee in whose favor the general verdict was obtained. The answers, unless set aside as unsupported by or contrary to the evidence, are to be construed one with the other and in the light of the general verdict. . . . Indeed to sustain appellant's contention the evidence and some of the jury's answers convict appellee of negligence, this court would have to weigh the evidence, contrary to its many decisions, resolve the jury's answers against the appellee, and speaking somewhat broadly, constitute itself as the trier of the facts. That, under all our decisions, it will not do." (l. c. 428, 430.)

In *Kitchen v. Lasley Co.*, 186 Kan. 24, 27, 29, 348 P. 2d 588, the verdict was for the defendant. The jury found the defendant guilty of negligence in certain specified particulars but returned a verdict in favor of the defendant. Our court said that the trial court was entirely correct when it said that the burden of proof was upon the plaintiff to prove by preponderance of the evidence not only that the defendant was negligent but also that as a direct and proximate result of such negligence the plaintiff was injured, and that the jury in its answers to special questions submitted found the defendant guilty of negligence but by its general verdict for defendant found that the plaintiff had failed to prove by pre-

ponderance of the evidence that such negligence caused injury and/or damage to plaintiff; and whether or not the plaintiff was injured or damaged as a result of the negligence of the defendant was purely a jury question which was decided adversely to plaintiff. The court at page 29 said under all our decisions a general verdict imports a finding upon all the issues of the case not inconsistent with the answers to the special questions submitted, and such special findings are to be given such a construction, if possible, as will bring them into harmony with the general verdict.

In *Krentz v. Haney,* 187 Kan. 428, 432, 357 P. 2d 793, this court stated:

"In *Mehl v. Carter,* 171 Kan. 597, Syl. ¶ 3, 237 P. 2d 240, we stated: 'The question of negligence, including the determination of proximate cause, ordinarily rests in the province of the jury.'

"Mr. Justice Thiele, in speaking for this court, said in *Rowell v. City of Wichita,* 162 Kan. 294, Syl. ¶ 6, 176 P. 2d 590: 'The negligence charged must have been the proximate or legal cause of the injury, and what is the proximate cause is ordinarily a question for the jury.'

"See also *Emmerich v. Kansas City Public Service Co.,* 177 Kan. 443, 280 P. 2d 615; *Atherton v. Goodwin,* 163 Kan. 22, 180 P. 2d 296.

"Many other cases of like effect may be found in 4 Hatcher's Kan. Dig. [Revised Edition], Negligence, §§ 74, 75, and West's Kan. Dig., Negligence, § 136 (9), (25), (26).

"The law favors trial by jury and the right should be carefully guarded against infringements. It is a right cherished by all free people. A trial court, in the exercise of its prerogative in determining questions of law only in these kinds of cases, should not usurp the power and function of the jury in weighing evidence and passing upon questions of fact. In the instant case, we are of the opinion that plaintiffs' evidence presented a situation where reasonable minds might differ as to just who was negligent and whose negligence, if any, was the proximate cause of the injury complained of, and hence was clearly a question to be presented to the jury."

In the majority opinion the court usurps the power of the jury by saying that plaintiff's negligence was a contributing cause or a proximate cause of the injury even though the jury by their general verdict found to the contrary.

In *Scott v. Bennett,* 181 Kan. 410, 312 P. 2d 224, the jury, in its answer to the special question, found the plaintiff guilty of negligence in not checking traffic thoroughly, but returned a verdict for the plaintiff. The trial court entered judgment for defendant notwithstanding the general verdict. This court said at page 415 the jury simply found that plaintiff was guilty of not checking traffic thoroughly but that such fact did not contribute to the accident

as a proximate cause. We further said one may be guilty of negligence and still not be barred from recovery under such circumstances. We reversed the trial court and ordered judgment entered in plaintiff's favor on the general verdict.

In reviewing the cases cited by the majority of the court, and in my limited research, I find no support for the position that a finding of mere negligence on the part of a plaintiff without a finding that such negligence was a contributing or a proximate cause of the injury complained of is sufficient to overturn a general verdict for the plaintiff. As a matter of fact, the cases cited in the majority opinion hold to the contrary. In *Eastman v. Railway Co.*, 102 Kan. 400, 171 Pac. 1, the court merely held that defendant's negligence as found by the jury was outside the scope of the pleadings and therefore entered judgment for the defendant. In *Jelf v. Cottonwood Falls Gas Co.*, 160 Kan. 112, 160 P. 2d 270, the jury found in answer to questions Nos. 14, 15, 16 and 18 that plaintiffs had knowledge or notice of escaping gas for six or seven weeks prior to the explosion, and for a considerable time prior thereto had an automatic hot water heater with pilot light in operation in the residence where the explosion occurred. This court said the fact that the plaintiffs had knowledge of escaping gas for six or seven weeks and kept their pilot light burning did not as a matter of law constitute a finding that plaintiffs were guilty of contributory negligence. They also rely on *Jelf v. Cottonwood Falls Gas Co.*, 162 Kan. 713, 178 P. 2d 992, on its second appearance in this court wherein the jury in its answers to special questions found both plaintiff and defendant guilty of negligence and returned their verdict in favor of the defendant, that it could find no legal inconsistency between the special findings and the general verdict. Manifestly, the special findings considered as a whole do not overthrow the general verdict. Unless they clearly have that effect, the general verdict must stand.

In the instant case the jury found a general verdict for the plaintiff. Inherent therein was that plaintiff's negligence was not a contributing cause to the injury. The majority opinion also relies on *Critchfield v. Ernzen*, 181 Kan. 284, 310 P. 2d 930. In that case special question No. 7 reads, "Question. Was the plaintiff guilty of any act of negligence *which directly contributed* to the collision? Answer. Yes." [Emphasis supplied.] Previous findings pointed to specific acts of negligence on the part of plaintiff. The jury returned a general verdict for the plaintiff, and rightfully this court

held that the jury specifically found that plaintiff's negligence contributed to the injury or was one of the proximate causes thereof, and the judgment must be entered for defendant.

In *Cosby v. Doskocil*, 180 Kan. 367, 369, 303 P. 2d 1107, also relied on, the defendant conceded that whether an act or acts constitute contributory negligence is ordinarily a question for the jury. While the jury found in answer to special questions certain acts that might be considered negligence on the part of the plaintiff, we approved the jury's verdict for the plaintiff. *Knoche v. Meyer Sanitary Milk Co.*, previously cited and quoted from in this dissent, holds that plaintiff's evidence was not of such a nature and type that it might be said that it showed plaintiff guilty of contributory negligence as a matter of law.

The long and short of this case may be stated simply that the jury, by its answers to the special questions, found both the plaintiff and the defendant guilty of negligence. Whether such negligence was a proximate cause of or contributory cause to the collision and injury being omitted from the trial court's special questions left the matter to be determined by the jury in its general verdict in favor of the prevailing party. Certainly the court as a matter of law cannot supplement the jury's answers to special questions Nos. 3 and 4 in view of the general verdict and hold that plaintiff's negligence was the contributing or proximate cause of the collision. Under all our cases a fair construction of the answers to the special questions and the general verdict requires that the judgment be entered in favor of the plaintiff.

I would reverse the judgment of the trial court, remand the case with instructions to set aside its judgment and to enter judgment in favor of the plaintiff on the general verdict of the jury.

Robb and Fatzer, JJ., join in the foregoing dissenting opinion.