No. 42,524

JUANITA E. LEWIS, *Appellant,* v. CHARLES H. WARNOCK, *Appellee.*

(369 P. 2d 352)

Opinion filed March 3, 1962.

*H. B. Malone,* of Wichita, argued the cause, and *John C. Frank, Tom Cunningham, Patrick F. Kelly, Theodore M. Utchen,*. and *Harold H.·Malone,* all of Wichita, were with him on the briefs for the appellant.

*Gerald Sawatsky,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Donald L. Cordes,* and *Robert L. Howard,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: Plaintiff in a damage action for personal injuries appeals from the judgment of the trial court wherein it set aside a general verdict of $10,000 for plaintiff and entered judgment in favor of defendant by reason of the jury's special findings of fact.

On May 21, 1958, about 4:40 p. m. plaintiff was driving a 1955 Buick with good tires and brakes east on McCormick street in Wichita, Kansas, which is a through east-west paved street, at a speed of thirty to thirty-five miles per hour. The speed limit set by city ordinance was thirty miles per hour.

Defendant was driving his 1957 Ford about twenty-five miles per hour west on McCormick intending to turn left·or south onto Hiram, a paved street which had stop signs where it entered McCormick. A car coming from the south on Hiram was pulling away from the stop sign located there and had its left turn signal on to go

west on McCormick. Plaintiff, who was 200 feet west of Hiram, saw the third car stop at the stop sign and then start to turn west in front of her. She took her foot off the accelerator to slow up. Defendant slowed to a "hesitation stop" to let the third car proceed west in front of him. Defendant was proceeding with his left turn to the south when he saw plaintiff's car only seventy feet away. He realized it was traveling thirty-five to forty miles per hour and he tried to speed up and get out of the way but his car was struck on the right rear. Defendant had started his left turn signal about forty feet east of Hiram and his speed had ranged from five to fifteen miles per hour.

Plaintiff testified she did not see defendant's car because of the third car which darted out in front of her to make a left turn. She decreased her speed and defendant turned to the left in front of her. She applied the brakes fully and swerved out to miss defendant when she saw him ninety feet away but hit him. Defendant told her he saw her coming but thought he could make it.

From the testimony of a police traffic investigator it was shown Hiram street is thirty-six feet wide, that McCormick west of the intersection is forty feet wide, but east of the intersection is forty-four feet for a distance of sixty feet and then according to a chart introduced it narrows down seven feet on each side to thirty feet in width. Plaintiff's left front tire had made skidmarks for a distance of sixty-eight feet; her left rear tire for a distance of fifty-seven feet; the right front tire for fifty-seven feet; and the right rear tire for sixty-one feet.

The trial court submitted the following special questions and by its answers thereto the jury made the following special findings of fact:

"1. What speed do you find the plaintiff's automobile was traveling as it approached the intersection and at the time she applied her brakes. A. More than 30 miles hr.

"2. Do you find that the speed found by you in question number 1 was a contributing cause of the accident and the claimed injuries of plaintiff? A. Yes.

"3. State the distance in feet you find that the plaintiff's automobile was west of the intersection at the time the defendant commenced his left turn? A. About 90'.

"4. At what distance do you find that an automobile traveling east on McCormick Street could have stopped at the speed of 30 miles an hour? A. Evidence inconclusive.

"5. After the plaintiff observed the defendant making the left turn what, if anything, prevented her from (a) turning to the left or south half of McCormick Street? A. Braking.

(*b*) Stopping? A. Speed and distance.

"6. If you find for the plaintiff then state what act or acts of negligence you find against the defendant? A. Failure to yield Right of Way.

"7. Do you find that the plaintiff was so close to the intersection as to constitute an immediate hazard when the defendant commenced his turn? A. Yes."

The jury returned a general verdict for plaintiff in the sum of $10,000. Upon defendant's motion for judgment on the special findings notwithstanding the general verdict, the trial court set aside the jury's general verdict and on the special findings rendered judgment for defendant. Hence, this appeal.

By its answers to special questions No. 1 and No. 2 the jury found plaintiff guilty of negligence because of her speed of "More than 30 miles [per] hr.," and because this "was *a* contributing cause of the accident," which is consistent with defendant's negligence under the answer to special question No. 6 reading, "Failure to yield Right of Way," but is inconsistent with the general verdict of $10,-000 for plaintiff. Under such a situation the trial court may set aside the general verdict and enter judgment on the special findings. (G. S. 1949, 60-2918; *Applegate v. Home Oil Co.,* 182 Kan. 655, 665, 324 P. 2d 203; *Taylor v. Johnson,* 186 Kan. 561, 352 P. 2d 436; *Holt v. Bills,* 189 Kan. 14, 366 P. 2d 1009.)

The Applegate case explains how an appellate court approaches the question of whether the special findings of a jury are consistent with each other and with the general verdict. There it was determined the answers to the special questions were consistent with each other and also with the general verdict against the defendants as follows:

"We have reviewed the record and find no sound basis to sustain defendant's claim that the special findings were inconsistent with the general verdict for the reason their negligence, as found by the jury, was not one of the proximate causes of plaintiff's injuries. Considered in their entirety, the special findings do not compel the setting aside of the general verdict against the defendants, and the trial court properly overruled that motion." (p. 665.)

The above statement was at least strong dicta that had the special findings of fact been inconsistent with the general verdict, the former would have prevailed over the latter.

The Taylor case involved special findings by the jury which were in turn inconsistent with its general verdict. It was there held:

"If the jury's special findings of fact are inconsistent with the general verdict and consistent with each other, the special findings control the general verdict

and the trial court may give judgment based upon the special findings. (G. S. 1949, 60-2918.)

"In an action for damages for personal injury, the general verdict and special findings are considered, and it is *held:* The special findings are consistent with each other and inconsistent with the general verdict. Therefore, the trial court had authority to enter judgment upon the special findings." (Syl. ¶¶ 1, 2.)

A comparison of the Taylor case with our present one shows the special questions and answers there did not so severely convict plaintiff of negligence, which caused or contributed to the collision, as here.

In *Holt v. Bills,* supra, plaintiff was proceeding south and made a left turn to the east in front and across the path of defendant who was traveling north. The jury made special findings wherein both plaintiff and defendant were found guilty of negligence and returned a general verdict for plaintiff for $2,500. The trial court granted defendant's motion for judgment notwithstanding the verdict in favor of plaintiff. This court in affirming the trial court stated:

"The record in an appeal from the order of the trial court granting judgment notwithstanding the verdict for defendant in an action based upon an automobile collision is examined, and the finding of the jury convicting plaintiff of contributory negligence is found to be binding upon this court and the special findings being consistent with each other and contrary to the general verdict, the judgment for defendant must stand. (G. S. 1949, 60-2918.)" (Syl.)

We again point out that in the case now before us the special findings of the jury were much stronger in convicting this plaintiff of contributory negligence than were those of the jury in the Holt case.

We have considered other authorities called to our attention by the parties but are of the opinion those already discussed are so compelling we can only conclude the trial court did not err in sustaining defendant's motion to set aside the general verdict and in entering judgment for defendant on the jury's special findings of fact.

Judgment affirmed.